**STATE of Missouri, Respondent,**

v.

**Eddie BROWN, Jr., Appellant.**

**No. 50721.**

Supreme Court of Missouri,

Division No. 1.

Feb. 8, 1965.

Thomas F. Eagleton, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., Jefferson City, for respondent.

Michael F. Godfrey, St. Louis, for appellant.

HYDE, Presiding Judge.

Defendant charged under the habitual criminal statute (Sec. 556.280) was convicted of burglary second degree and sentenced to six years' imprisonment. Secs. 560.070 and 560.095. Statutory references are to RSMo and V.A.M.S. Defendant was represented by counsel at the trial and on this appeal.

Defendant does not contend that the evidence was insufficient to make a submissible case so a detailed statement of the evidence is not required, it being obviously sufficient. Defendant's claims of error, briefed by his counsel, are refusal of testimony offered by him and sentencing him under the habitual criminal statute. See

Rule 28.02, V.A.M.R. Defendant was charged with burglary in forcibly breaking and entering the store of Mrs. Emma Johnson with intent to steal therein. The evidence showed that Mrs. Johnson locked up the store and left at 7:00 P.M., December 28, 1963. In the early hours of the morning of December 29th, after receiving a call, Mrs. Johnson and her husband went to the store and found the door was off the cigarette machine, which she had closed when she left, with the coin box on the floor empty and some cigarettes missing from the machine. On the west side of the store room, there was a double door to the street which was not used and had been nailed up. In one of these doors there was a window with screen wire nailed over the glass. This was intact when Mrs. Johnson left the store but when she returned the wire was torn off the window and the glass was knocked out. Some of the glass was on the inside and some on the outside of the store.

Police Officer James Ramsey came to the store about 1:04 A.M. on December 29th after receiving a radio call and observed that the glass pane had been broken out of the door on the west side of the store. He went into the store through the opening where the glass had been broken and saw a man crouching behind a pinball machine in front of the cigarette vending machine. At the man's feet was a large plastic bag containing cigarettes and on searching him he found a bent table knife which Mrs. Johnson said was one of two she had in the store and a considerable number of coins of the denominations used in the cigarette machine. Officer Ramsey arrested defendant and took him to a police station. He identified defendant at the trial as the man he arrested in the store.

 Defendant filed a pro se brief, before his counsel's brief was due, in which he claims unlawful search; but, of course, on the officer's testimony, this was proper as incidental to a lawful arrest. There was no evidence to the contrary as defendant did not testify at the trial but he states in an affidavit (which of course cannot be considered as part of the record) sent with his brief that he was never in the store and that the officer's testimony was false and untrue. Defendant's mother testified that defendant came to her house at 1:15 A.M., December 29, 1963, got a cigarette and left at 1:20 A.M., saying he was going to the Iron Wheel, a tavern, to get a sandwich. This testimony was the basis of an alibi instruction given by the court at defendant's request.

Defendant called a witness, not related to defendant, and questions were asked and rulings made as follows:

"Q Do you also happen to know a Mrs. Emma Johnson?

"A No.

"Q You don't know her at all? A No.

"Q Did you ever have occasion to hear Mrs. Emma Johnson make a statement—

"MR. FLAVIN: I object, your Honor, as being hearsay.

"THE COURT: Sustained.

"Thereupon, the following proceedings were had without the hearing of the jury:

"MR. GODFREY: Your Honor, the reason I want to ask that question is for this reason: That this Mrs. Johnson was supposed to have told this woman she knew Eddie was not the man that broke into the confectionery.

"THE COURT: I refuse to change my ruling."

Defendant's counsel then made an offer of proof stating "that this witness would testify that Mrs. Johnson told her that she knew that Eddie Brown, Jr., had no connection with the robbery, or burglary, of her premises; and I believe that is relevant and material as to also the issue of credibility of Emma Johnson."

As to such a statement, we said in State v. Letz, 294 Mo. 333, 242 S.W. 681, 683: "It is the general rule that, in criminal prosecutions, the state sustains no such relation to the party injured as will render his declaration admissible in evidence against the state. Her statement was no part of the res gestae, was hearsay, and was properly rejected." See also State v. Feltrop, Mo.Sup., 343 S.W.2d 36, 38; State v. Chamineak, Mo.Sup., 343 S.W.2d 153, 158. We further note that the motion for new trial makes no reference to credibility or impeachment. See Rule 27.20, V.A. M.R. We find no prejudicial error in this ruling of the court.

■ Defendant's claim concerning the habitual criminal statute is that it was inapplicable to him "inasmuch as there was no evidence concerning the termination of the second sentence of defendant as required by law." The present habitual criminal statute (adopted 1959, see Laws 1959, S.B. 117) makes no such requirement. Instead it requires that a person "shall be sentenced and subsequently placed on probation, paroled, fined or imprisoned therefor." The records of the Circuit Court, Criminal Division, City of St. Louis, were produced by a deputy clerk and showed two former felony convictions. The first, April 24, 1956, for burglary, second degree, on which defendant was sentenced to two years in the intermediate reformatory of the State of Missouri and paroled. The second, December 21, 1959, for assault with intent to rob with malice, on which defendant was sentenced to two years' imprisonment in the state penitentiary. Certified transcripts of the Department of Corrections records were also introduced in evidence showing imprisonment on the first conviction from January 29, 1958 to February 27, 1959 (apparently his parole was revoked) and on the second from February 5, 1960 to January 26, 1961. Defendant admitted at the trial that he was the person referred to in these records. Therefore, it is clear that the habitual criminal statute was applicable in this case.

We have examined the record as required by our Rules 28.02 and 28.08, V.A. M.R., and find it sufficient with respect to those matters therein specified.

The judgment is affirmed.

All concur.