**STATE of Missouri, Plaintiff-Respondent,**

v.

**Roger STANLEY, Defendant-Appellant.**

**No. 9216.**

Missouri Court of Appeals, Springfield District.

April 30, 1973.

Ted M. Henson, Jr., Poplar Bluff, for defendant-appellant.

BILLINGS, Judge.

Defendant was found guilty of the misdemeanor offense of malicious mischief [§ 560.385, RSMo., 1969] by a Butler County Circuit Court jury and his punishment assessed at a fine of $100.00 and one year in the county jail. We affirm.

The state's evidence was that the defendant injured and damaged an automobile owned by another by throwing rocks at the vehicle. Although not questioning the sufficiency of the evidence to support the conviction, defendant: (1) challenges the sufficiency of the information; (2) attacks the main instruction of the state; and (3) assigns error by the trial judge (a) in the conduct of the trial, (b) the cross-examination of a witness, and, (c) excluding impeaching evidence.

■ The information followed the language of the statute creating the offense and was sufficient to charge a violation of the statute and inform the defendant of the crime charged against him. State v. Smith, 310 S.W.2d 21 (Mo.App.1958).

■ The instruction required the jury to find the defendant committed the charged act as prohibited by the statute—willfully and maliciously—and the negative averments suggested by defendant as being erroneously omitted are not required under this statute. Additionally, non-direction alone in a misdemeanor case can furnish no ground for setting aside a verdict. State v. Burgess, 456 S.W.2d 641 (Mo. App.1970).

■ Defendant fails to demonstrate prejudice in the refusal of the trial judge

**684**

to declare recesses (1) at the close of the evidence and before the instructions were read to the jury, and, (2) following the reading of the instructions and before argument. Defendant had the opportunity and did object to the state's instructions and the court gave the only instruction he tendered. State v. Lawson, 290 S.W.2d 84 (Mo.1956) is not applicable. No authority is cited for the proposition that defendant was entitled to a recess in order to prepare his argument, and we know of none. Trial courts are and must necessarily be invested with a large discretion in the conduct of trials. State v. Pinkston, 333 S.W.2d 63 (Mo.1960); 23 C.J.S. Criminal Law § 961. We do not find prejudicial abuse of discretion in the court's failing to recess the proceedings.

■ Defendant opened up the type of employment engaged in by his witness Davis and our reading of his cross-examination reveals no reversible error. Here again the trial judge is entrusted with broad discretion and we find no abuse thereof. State v. Mitchell, 491 S.W.2d 292 (Mo. banc 1973).

■ In defendant's cross-examination of A. B. and Erma (owners of the damaged automobile), he elicited the testimony they were married. Subsequently, by a defense witness, defendant sought to prove they were not married but such proffered evidence was excluded. The marital status of A. B. and Erma was a collateral matter and defendant must "take the answer". State v. Lynn, 184 S.W.2d 760 (Mo.App. 1945); 98 C.J.S. Witnesses § 633. The trial court's ruling was proper.

Defendant was granted allocution and the court imposed judgment and sentence per Rule 27.09, V.A.M.R., and our review under Rules 28.02, and 28.08, disclose no error.

The judgment is affirmed.

TITUS, C. J., and STONE and HOGAN, JJ., concur.