**STATE of Missouri, Respondent,**

v.

**James R. DUNCAN, Appellant.**

**No. KCD 27950.**

Missouri Court of Appeals,
Kansas City District.

Oct. 12, 1976.

Kenneth J. King, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Nanette Laughrey, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, for respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

WASSERSTROM, Judge.

Defendant appeals from conviction of first degree robbery after trial by jury. His sole point on appeal is that the trial court erred in not permitting one of his witnesses to testify while holding a small baby in her lap.

The defendant offered an alibi defense. The robbery in question had occurred between 3:00 and 3:30 p.m. on July 16, 1974. Defendant testified in his own behalf that at that time he was at the offices of the Human Resources Corporation. To support

his own testimony he called three witnesses who corroborated his presence at the Human Resources Corporation offices from 2:45 until after 4:00 p.m.

Defendant also sought to put Mrs. Wanda Branstetter on the stand to testify. In his testimony he had named her as one of those whom he had seen at the Human Resources Corporation offices on the afternoon of July 16, 1974, and (although he made no offer of proof at trial) he says in his brief that her testimony would have further substantiated his alibi.

When the time came for Mrs. Branstetter to take the stand, defense counsel approached the bench and made the following statement:

"I have a slight problem with this next witness, and if it doesn't work, I will understand the problem. This woman has a child with her that is crying. She can't leave it. She has just adopted it a month ago, and if it doesn't stop, you know, I won't be able to put her on. So may we have a brief recess for just a few minutes to allow him maybe to get familiar with here. I know it is really—"

In response to that request the trial court did grant a brief recess.

Immediately after the recess a further colloquy occurred out of the hearing of the jury, as follows:

"MR. KIERST: Your Honor, the defendant would intend to offer as a witness Mrs. Branstetter, Wanda Branstetter; but it would be necessary for her to testify holding a small child on her lap.

"MR. DAKOPOLOS: State would certainly object to that occurring, as being prejudicial to the interest of the State.

"THE COURT: We had the child in the courtroom earlier, and it was quite disrupting with the crying when he was in the back of the room. It would be exceedingly more so outside of the prejudice that made the occasion; thereby [sic] the objection is sustained."

■ The trial court had the duty to maintain order and decorum in the courtroom and to take such action in his broad discretion as was appropriate to that end. His action in this regard will be reviewed only to ascertain whether there was any abuse of discretion. *State v. Johnson,* 499 S.W.2d 371 (Mo.1973); *State v. Pinkston,* 333 S.W.2d 63 (Mo.1960); *State v. Brotherton,* 266 S.W.2d 712 (Mo.1954); *State v. Tschirner,* 504 S.W.2d 302 (Mo.App.1973); *State v. Stanley,* 494 S.W.2d 682 (Mo.App. 1973).

■ The record in this case shows no abuse of discretion. The baby had already been crying and causing some disruption while with Mrs. Branstetter in the back of the courtroom, and the trial judge was justified in believing that the disruption would be even more accentuated if the same thing occurred while Mrs. Branstetter was on the witness stand. At the request of defense counsel, the court had already granted a recess and thereby gave the defendant an opportunity to make some arrangement for the care of the child. It would seem that the defendant, his witness or his counsel or all of them in collaboration could have made some arrangement for someone to hold the child outside the courtroom for the few minutes that it would have taken Mrs. Branstetter to testify. If that was impossible for some unknown reason, defense counsel had the duty to at least explain what that extraordinary reason was. He did not do so. As a matter of fact, defense counsel appeared to have anticipated the ruling which was actually made and seems to have conceded the reasonableness of not permitting Mrs. Branstetter to testify with the baby on her lap, when he stated to the court: "I have a slight problem with this next witness, and if it doesn't work, I will understand the problem."

It will be noted that the trial court did not deny the right of Mrs. Branstetter to testify. He ruled simply that she could not do so while holding a disruptive infant on her lap. That ruling was reasonable and well within the broad discretion of the trial court.

Affirmed.

All concur.