STATE of Missouri, Respondent,

v.

Marshall LACY, Appellant.

No. KCD 28561.

Missouri Court of Appeals,
Kansas City District.

Feb. 28, 1977.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., David L. Baylard, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SOMERVILLE and TURNAGE, JJ.

SOMERVILLE, Judge.

Defendant was convicted by jury of first degree robbery and sentenced to seven years imprisonment.

His sole point of error on appeal is that the trial court should have declared a mistrial, as requested, because of allegedly prejudicial statements made by the prosecuting attorney during closing argument.

A short statement of facts will suffice because the sufficiency of the state's evidence to support the conviction has not been questioned in defendant's brief. Bernard Davis, the victim of the robbery, was employed by the Jet TV & Stereo Rental Company as a bill collector and delivery man. During the course of his employment on March 15, 1975, he went to an apartment building in Kansas City, Missouri, to pick up

an amplifier. When Davis entered the apartment building he noticed two men standing by the front door. Davis recognized one of the men (the defendant) because he had worked with him in the summer of 1974 at a lawn service company. Defendant and his companion were still standing by the front door of the apartment building when Davis left with the amplifier. As Davis was loading the amplifier into his delivery van the two men approached him from the rear. Defendant pointed a revolver at Davis and told him to lie down in the back of the van. Defendant's companion then tied Davis' hands and put a blanket over his head. Defendant then drove the van to an alley located approximately twelve blocks from the apartment building where approximately $150.00 was taken from Davis and a television set and the amplifier were taken from the delivery van. After the men left, Davis untied himself and called the police. Davis positively identified defendant as one of his assailants at a pre-trial lineup, and also at trial. Defendant and Davis are both black men.

The vortical portion of the state's closing argument is hereinafter quoted: "You alone determine the guilt or innocence of people. You alone have it within your power, based upon the break that the police got in this case in that man robbed a victim who knew him. You have within your power to bring from an unsolved strong-armed robbery a verdict of guilty. You have within your power, based upon the evidence presented, you have within your power to take a step toward eliminating crime here. A member of the black community has stepped forward and, I believe, at some personal concern and risk and said, yes, that's the man." Defense counsel's objection to this portion of the state's closing argument was sustained by the trial court. Defense counsel also requested the trial court to instruct the jury to disregard this portion of the state's closing argument and the trial court did so. Defense counsel then moved for a mistrial which was denied by the trial court.

A trial court has considerable discretion in monitoring the tone and content of closing arguments to the jury and an abuse of discretion must be shown before an appellate court will reverse a conviction and sentence for allegedly improper closing argument. *State v. Wright,* 515 S.W.2d 421, 432 (Mo. banc 1974); *State v. Jewell,* 473 S.W.2d 734, 741 (Mo.1971); and *State v. Hutchinson,* 458 S.W.2d 553, 556 (Mo. banc 1970). Declaration of a mistrial for improper closing argument is peculiarly within the discretion of the trial court and should be reserved for those extraordinary situations where overtones of prejudice cannot be dissipated by any other means. *State v. Phelps,* 478 S.W.2d 304, 308 (Mo.1972); and *State v. Tate,* 468 S.W.2d 646, 651 (Mo. 1971). Concomitantly, every instance of improper argument by a prosecutor does not call for the drastic remedy of declaring a mistrial. *State v. Barron,* 465 S.W.2d 523, 528 (Mo.1971); *State v. Raspberry,* 452 S.W.2d 169, 173 (Mo.1970); and *State v. Neal,* 526 S.W.2d 898, 903 (Mo.App.1975).

Defense counsel argued below that the state's remark suggested to the jury that Davis exposed himself to the danger of retaliation at the hands of defendant because he testified against him. On appeal defendant contends the court abused its discretion in refusing to declare a mistrial because the state's closing argument raised the possibility of juror hostility against defendant by implying that defendant would cause physical harm to Davis if the defendant was acquitted. Thus, the focal point of defendant's argument is narrowed to the following portion of the state's closing argument: "A member of the black community has stepped forward and, I believe, at some personal concern and risk, and said, yes, that's the man." *Donnelly v. DeChristoforo,*[1] 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974), comes to the forefront of the cadre of cases which are relied upon to resolve this appeal. Therein, the Supreme Court of the United States, 416 U.S. at 646–47, 94 S.Ct. at 1873, pragmatically observed: "Isolated passages of a prosecu-

1. A habeas corpus proceeding instituted by a state prisoner.

tor's argument, billed in advance to the jury as a matter of opinion not of evidence, do not reach the same proportions. Such arguments, like all closing arguments of counsel, are seldom carefully constructed *in toto* before the event; improvisation frequently results in syntax left imperfect and meaning less than crystal clear. *While these general observations in no way justify prosecutorial misconduct, they do suggest that a court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations.*" (Emphasis added.)

*State v. McFadden*, 530 S.W.2d 440, 443 (Mo.App.1975), is closely analogous to the instant case. In *McFadden* the prosecutor during closing argument in a first degree robbery trial stated: "It took courage for these witnesses to come in and testify to you, because once this trial is over, they will have to be out on the streets again." Defense counsel objected and moved for a mistrial on the ground that the prosecutor's remark inferred that the accused would harm the witnesses because they testified against him. The trial court sustained the objection but refused to declare a mistrial. The trial court's refusal to declare a mistrial was vindicated on appeal by the following rationale: "In its context, the latter portion of the argument in question was, as recognized by the trial court, susceptible to interpretations other than those made by defendant . . . . In such circumstances, the trial court is not shown to have abused its discretion by refusing to declare a mistrial, a remedy reserved for application in extraordinary circumstances." See also: *State v. Johnson*, 539 S.W.2d 493, 512–13 (Mo.App.1976); and *State v. Robbins*, 507 S.W.2d 662, 663 (Mo.App.1974).

In the instant case the crux of the prosecutorial remark complained of is that state's witness Davis gave his testimony "at some personal concern and risk". Chronologically, it followed an earlier statement made by the prosecutor to which no objection was lodged: "If he doesn't honest to God believe that Marshall Lacy did this robbery, if he didn't honest to God believe this is the boy that worked with him at that lawn maintenance company, what reason on earth would he have to come down here and tell you, that's the guy? You can bet your boots it's not making him any more popular in his community." When the remark under attack is read in context with that portion of the state's closing argument heretofore referred to, the jury could have reasonably inferred that any "personal concern and risk" attached to Davis' testimony stemmed from the black community at large and was devoid of any personal reference to the defendant. As the prosecutor's remark was susceptible of more than one interpretation or meaning, this court will not second-guess the trial court and "lightly" infer that the jury seized it out of context and gave it the onerous meaning attributed by defendant.

■ There is another aspect of defendant's point on appeal which would immunize the trial court's refusal to declare a mistrial from being branded as an abuse of discretion. The complained of remark occurred during the final stage of the prosecutor's closing argument and followed defense counsel's closing argument. During the latter's closing argument the following statement was made to the jury: "Well, let me suggest to you another scenario, a scenario made possible by the fact that Barnard [sic] Davis is completely unsupported by the testimony of anyone else and that is perhaps, Mr. Bernard Davis took this stuff himself. Perhaps he took that stereo receiver, perhaps took the money, perhaps he took the television set that was inside the van." In *State v. Tiedt*, 360 Mo. 594, 229 S.W.2d 582, 588 (banc 1950), the court held that "[w]here the argument complained of on appeal is retaliatory in nature and invited by the remarks and suggestions of appellant's counsel an assignment of error thereon will not be sustained." In so holding, the court recognized that a prosecutor "can go further by way of retaliation, in answering arguments of the defendant's counsel, than he would be authorized to do in the

first instance." In other words, a trial court is vested with considerable discretion in permitting the use of retaliatory arguments and in refusing to declare mistrials based thereon. *State v. Smith,* 431 S.W.2d 74, 85 (Mo.1968); *State v. Cusumano,* 372 S.W.2d 860, 866 (Mo.1963); and *State v. Knighton,* 518 S.W.2d 674, 681 (Mo.App. 1975).

As the allegedly prejudicial remark was an isolated occurrence, was susceptible of a meaning other than that ascribed to it by defendant, and could be deemed provoked by defense counsel and therefore retaliatory in nature, it cannot be said that the trial court abused its discretion in refusing to declare a mistrial.

One other matter demands mention before this opinion is concluded. After this case was fully briefed on appeal, defendant, acting pro se, filed a letter in this court to which was attached an affidavit purportedly executed by state's witness Davis and acknowledged before a notary public. The thrust of the affidavit being that Davis perjured himself at defendant's trial in that his identification of defendant as the perpetrator of the crime was totally false. The referred to affidavit is dehors the record and cannot be considered on this appeal. *State v. Overby,* 432 S.W.2d 277, 279 (Mo. 1968); *State v. Brown,* 386 S.W.2d 390, 391 (Mo.1965); *State v. Caffey,* 365 S.W.2d 607, 609 (Mo.1963); and *State v. Burnett,* 365 Mo. 1060, 293 S.W.2d 335, 339 (banc 1956) *cert. denied* 352 U.S. 976, 77 S.Ct. 367, 1 L.Ed.2d 326 (1957). However, it raises serious implications which cut two ways. If true and authentic, defense counsel should pursue it by way of a Rule 27.26 motion. If false and contrived, the state should pursue the matter by appropriate action. This court is in no position to presently pass judgment on the validity and authenticity of the referred to affidavit. Notwithstanding this fact, this court reemphasizes that serious implications arise if it be true and authentic, and equally serious implications arise if it be false and contrived. For these reasons, counsel for both the state and the defendant are requested to peruse the referred to affidavit in the files of this court and respectively determine their appropriate course of action.

Judgment affirmed.

All concur.