**CITY OF KIRKWOOD, Respondent,**

v.

**William J. HENNESSEY, Appellant.**

No. 40654.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 4, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 16, 1980.

Application to Transfer Denied
Feb. 11, 1980.

James J. Knappenberger, Shaw, Howlett & Schwartz, Clayton, for appellant.

Samuel T. Vandover, St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant appeals his conviction in the circuit court of the offense of stealing property of a value of under $50. The jury assessed his punishment as a fine of $100.

Defendant was initially tried by a jury in the Municipal Court of Kirkwood for violating Kirkwood City Ordinance Sec. 70–62 and was convicted. He then appealed to the circuit court of St. Louis County where his case was tried de novo.

Since defendant does not challenge the sufficiency of the evidence, a detailed recitation of it is unnecessary. The principal evidence against the defendant came from Thomas Manning, a Venture Store detective, and Officer Raymond Gower of the City of Kirkwood Police Department, whose salary was reimbursed by the Venture Store. Manning testified that he watched defendant from his observation point in the ceiling of the Kirkwood Venture Store, came down from his location, and followed defendant to the front of the store. Man-

ning saw defendant reach behind the counter and in the liquor and tobacco department remove a package of cigarettes. Defendant put the cigarettes in his left hand and pushed them under his left coat sleeve. Manning next observed defendant stop at the shoe care aisle, remove a bronze and black can of shoe polish from the shelf, and place it in his coat pocket. According to Manning, defendant left the store without stopping at the cash registers. Manning followed defendant out of the store and signaled to Gower who had been stationed at the front of the store. Manning confronted defendant. Defendant raised his left hand and as he turned his arm over the cigarettes slid out into the palm of his hand. Defendant said, "Oh, I forgot to pay for these cigarettes." Thereafter, Manning and Gower took the defendant to the security room where they asked him if he would agree to a search. The defendant refused. Other officers of the City Police Department were called and defendant asked to talk alone with senior officer, Sgt. Murphy. The others were asked to leave the room. Manning, displeased because he felt he had been run out of his own office, opened the door of the room after a very short time and let in the other officers. As the officers returned, Gower and Manning testified that defendant appeared to throw something into the wastepaper basket. Gower and Manning heard a thud but the other officers did not. Gower went immediately to the wastepaper basket and found a can of shoe polish. Defendant, while admitting that he left the store without paying for the cigarettes, denied ever having the shoe polish in his possession.

The transcript of the proceeding held in the Kirkwood Municipal Court filed in the Circuit Court of St. Louis County on the 29th of June, 1977 shows that the complaint filed was signed by Thomas Manning and alleged: ". . . that on or about the 1st day of June, A.D., 1977, and on divers other days and times prior thereto, within the corporate limits of the City of Kirkwood, County of St. Louis, and State of Missouri, William J. Hennessey did then and there intentionally steal the property of the Ven-

ture Department Store, 1225 S. Kirkwood Road, Kirkwood, Missouri, said property being valued less than fifty dollars, *contrary* to and in violation of Section 17–62 of Ordinance No. Rev. Code of said City, entitled General Ordinances." No filing date is shown as to this complaint but it was sworn and subscribed to on the 1st day of June, 1977. The next document shown in the transcript is the amended information which states as follows: (Amended Information) "Comes now Samuel T. Vandover, Assistant City Attorney, for the City of Kirkwood, Missouri, and, after first having been duly sworn in his capacity of Assistant City Attorney for the City of Kirkwood, Missouri, informs this Municipal Court for said City that the following facts are true and accurate to his best information and belief: In the City of Kirkwood, Missouri, on or about the first day of June, 1977, defendant William J. Hennessey did steal the hereinafter described property of the VENTURE STORES, INC., a division of The May Department Stores Company, 1225 S. Kirkwood Road, Kirkwood, Missouri, hereinafter referred to as the owner, with the intent then and there to deprive the said owner of the use thereof and convert same to defendant's own use, to-wit: one can of Kiwi black shoe polish and one pack of Winston cigarettes, the same having a value to said owner of under $50.00." The record indicates that said information was subscribed and sworn to on the 21st day of June, 1977. Endorsed on the amended information were the witnesses expected to be called by the city. The record further indicates that the defendant was tried by a jury in the municipal court on June 25, 1977 and convicted. He received a fine of $25.

On appeal, defendant raises two points pertaining to the complaint and the amended information. He alleges that the original complaint was insufficient in that it did not contain "a plain, concise and definite statement of the essential facts constituting the offense charged as required by V.A. M.R. 37.18 but merely alleged conclusory statements. . . ." Relying upon cases involving complaints and informations in

criminal cases, he contends that the municipal court and circuit court were without jurisdiction because of the deficiencies of the complaint.

Although admitting that the city filed an amended information [1] defendant contends this information did not cure the jurisdictional defect because leave of court was not obtained prior to the filing of the amended information.

■ We believe that if in fact there was a defect in the complaint, any defect was corrected by the filing of the amended information. The court proceedings in this case began with the filing of the complaint in the city court by a private citizen, Manning. Further proceedings could not occur in this case or any other municipal case without action on the part of the prosecuting officer. Rule 37.08 provides: "[T]he prosecutor shall be promptly informed of any complaint filed whether or not a warrant has been issued thereon. After an investigation, if the prosecutor is satisfied that there are reasonable grounds to believe that an offense has been committed and that a case against the accused can be made, he shall file an information with the judge or court founded upon or accompanied by such complaint, or prosecute such offense on said complaint if authorized by law to prosecute thereon without the filing of an information."

Rule 37.19 provides: "The court may permit an information or complaint to be amended at any time before verdict or finding if no additional or different offense is charged and if the substantial rights of the accused are not prejudiced."

We do not have before us any ordinance of the City of Kirkwood requiring or permitting further prosecution of an offense in the city court without the filing of an information by the prosecuting attorney. The file does not contain a previous information. If the document entitled "Amended Information" was the first information filed in

this case, leave of court was not required. Rule 37.08. A municipal court is not a court of record and we do not have before us a docket sheet. If a previous information had been filed, we believe that a fair inference exists that the court granted leave to file the amended information because it was the only information included in the record certified by the Municipal Judge. In any event, the document was filed and presented to defendant's counsel [2] before the trial of the case in the municipal court. We find that the municipal court had jurisdiction to try this case and defendant's point is without merit.

■ Defendant finally contends that the court erred in not granting a mistrial when defendant objected to plaintiff's argument that there was an inference of guilt to be made because of defendant's refusal to be searched. We disagree. The circuit court committed no error in overruling defendant's objection in denying a mistrial as to plaintiff's argument. Various witnesses testified without objection that defendant refused to open his pockets. Defendant testified that he failed to open his pockets when requested to do so. The city attorney made no reference to this during the opening portion of his argument. During defense attorney's argument he made the following statement: "Now, what happened was, probably the reason that all of the suspicion attaches to him, they say he didn't open up his pockets or lay his pockets on the table. All I can say is that, and I'm older than Mr. Hennessey, but it's the best explanation, people don't have to submit to harassment of any sort but the best explanation here is that Mr. Hennessey is an Irishman and somebody placed their hand on him and he thought he was being mistreated and he got angry just as Mr. Manning was angry . . . ." During the final argument of the city attorney he stated: "Hennessey admits this when he first got back into the security room he was given the opportunity to empty his pockets.

---

1. The defendant does not challenge the sufficiency of the amended information.

2. Amended Information included a certificate of mailing of copy to defense counsel five days prior to date of trial in Municipal Court.

If he didn't have that can of polish in the pocket of his coat, he could have demonstrated such by emptying his pockets whether he's an Irishman or not. . . . He refused not to show what he had in his pocket and if he didn't have the shoe polish in his pocket . . . he could have shown Manning and Gower that, but his refusal thereafter indicates in my judgment that he did it." All the testimony concerning defendant's failure and refusal to open his pockets was admitted without objection. Defendant himself told the jury he refused to open his pockets and any discussion of this failure was opened up by defendant's portion of the argument. Plaintiff's argument was clearly retaliation and under this state of the record we cannot find that the court erred in failing to grant a mistrial. *State v. Lacy,* 548 S.W.2d 251, 253–54 (Mo. App.1977).

Finding no error, the judgment of the trial court is affirmed.

STEWART and CRIST, JJ., concur.