**STATE of Missouri, Respondent,**

v.

**Regina ROBERTS, Appellant.**

**No. 41675.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 3, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 24, 1981.

Application to Transfer Denied
June 8, 1981.

Robert C. Babione, Public Defender, Nick A. Zotos, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

Defendant was convicted by a jury of murder in the second degree. She was sentenced to fifteen years imprisonment. We affirm.

In the early morning of August 20, 1978, in the vicinity of 5100 Page in the City of St. Louis, Missouri, one William H. Holt received thirty-six stab wounds causing his death. The stabbing occurred after an argument in the street between defendant, Holt and three others (hereinafter, "Keith, Willie B. and Lawrence"). The incident began when defendant, Holt, Keith and Lawrence returned from a trip to East St. Louis, Illinois. Upon arriving back in St. Louis, the defendant got out of the car and swung a knife at Holt. The defendant dropped her knife and Holt threw it away. Holt then left the area. Approximately five minutes later, Holt was seen by several witnesses, and the defendant, returning to the scene carrying a baseball bat and a knife. Holt approached defendant's front porch and told Keith to come down and fight and leave the defendant there. After Keith knocked Holt to the ground with his fist, the defendant came down from the porch and began "sweeping" a knife at Holt. Holt fell, or was pushed, to the ground. He was stabbed by defendant while Keith held him. Holt begged defendant to stop stabbing him. Keith then got into the car with some other boys, and the defendant walked back, sat on her porch and stated she had killed Holt. A few minutes later, defendant, still sitting on her front porch, was arrested by police. She asked the police if Holt was dead, and stated that "some boys had committed a crime." At the homicide division, she told the police that she had received a gash on her leg and

a cut blouse when Holt initiated an assault on her with a knife.

The state introduced the above evidence. The defendant then testified in her own behalf. She indicated that the incident originally arose out of a trip to East St. Louis, Illinois earlier that morning. She, Holt, Keith and Lawrence had gone there to buy liquor after Missouri drinking hours had passed. On the return to St. Louis, Holt spit out of the passenger window, hitting her in the face. Then, and again after they arrived at the defendant's house, Holt showed a knife. Holt left and returned five minutes later, with a bat and a knife which he began to "swing" at her. She was cut on the leg while trying to ward off knife blows from him. She then went into the house to care for her wounds, leaving Keith, Lawrence, Willie B. and Holt fighting in the street. She did not remember everything that occurred while she was involved in "the fight" because "it was really wild."

Defendant argues that during closing argument, the prosecuting attorney told the jury that "if they believe her she was entitled to an acquittal, if not, she must be convicted." She further argues that the prosecutor's statements were reversible error in that he improperly argued and defined the law regarding the state's burden of proof. Contrary to what defendant contends in her brief, the record shows that the prosecuting attorney did not at any time tell the jury if they did not believe the defendant she must be convicted. In the state's argument to the jury, the prosecuting attorney said:

> If you believe Regina Roberts, it's an absolute acquittal. If she is telling you the truth, she has no business in this courtroom. It's that simple. If she went out there and defended herself and left that man standing in the street and he is okay, she didn't do it.

The defense attorney then objected that the prosecutor was putting the burden of proof on the defense. The trial court responded:

> Ladies, you have received the instructions of the Court, and you will be guided by those instructions.

In the rebuttal portion of his argument, the prosecutor said to the jury:

> ... she has said that everyone of those people lied and the story is the way she said it happened, the way she said it happened, that's the way it happened; and I'm telling you that if you believe that's the way it happened the way she said, you don't have any choice, you've got to walk her out of this courtroom, because everything she said is self-defense. It's amazing.

The trial court has considerable discretion in monitoring the content of closing argument. Reversible error occurs only when there is an abuse of that discretion. *State v. Lacy*, 548 S.W.2d 251, 252 (Mo.App. 1977). Statements by the prosecuting attorney made in closing argument, are not reversible error unless they are "plainly unwarranted and clearly injurious." *State v. Hoskins*, 569 S.W.2d 235, 236 (Mo.App.1978).

We agree with defendant that the burden of proof, in a criminal case, is always on the state. *State v. Purvis*, 525 S.W.2d 590 (Mo.App.1975); *State v. Holzwarth*, 520 S.W.2d 17 (Mo. banc 1975). Defendant herein offered herself as a witness, thereby placing her credibility in issue. *State v. Henderson*, 530 S.W.2d 382, 384 (Mo.App.1975). Argument of the prosecuting attorney, bearing on credibility and self-defense, was within the record and reasonable inferences therefrom. *State v. Johnson*, 539 S.W.2d 493, 512–513 (Mo.App. 1976). The jury was not misled into believing the burden of proof was on defendant.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.