**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Andre GARRETT, Defendant-Appellant.**

**No. 41806.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 18, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

Application to Transfer Denied
Nov. 10, 1981.

388

Joseph W. Downey, Public Defender, Christelle Adelman-Adler, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Steven W. Garrett, Kristie Green, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Judge.

Defendant-appellant Andre Garrett was charged with first degree (felony) murder under Count I of the indictment. At defendant's request, instructions on murder second degree and manslaughter were submitted, and defendant was convicted by a jury of manslaughter. He was also charged and convicted of first degree robbery (Count II) armed criminal action (Count III), and kidnapping (Count IV). Defendant was sentenced to ten, forty and ten years as to Counts I, II and III to be served consecutively. He was also sentenced to fifteen years under Count IV to be served concurrently with the ten year sentence under Count III. Defendant appeals.

Defendant does not contest the sufficiency of the evidence to support the convictions. We therefore state only the evidence necessary to the opinion. On January 6, 1978, at approximately 10:30 p. m. defendant arrived at Perkins' hangout, a tavern owned by the decedent Frank Perkins. Defendant had several drinks at the bar and

spoke with a few customers and the barmaid. Sometime after midnight, as the decedent was attempting to allow another customer into the bar, the defendant, holding a gun, grabbed the decedent. A struggle ensued during which the defendant discharged a .38 caliber handgun three times, striking the decedent in the stomach, chest, and head. Defendant then ordered the bar patrons to lie on the floor while he proceeded to remove money and keys from the decedent. He also took money lying on the cash register and from behind the bar. Defendant ordered the barmaid Vanessa Garnett who had been hiding in the women's bathroom to leave with him at gunpoint. He forced her into the decedent's car and drove to a Church's Fried Chicken where he was subsequently apprehended.

Defendant contends the trial court erred in the following respects: 1) Refusing to require the State to elect whether it would proceed under the felony-murder charge or the robbery charge thereby subjecting him to double jeopardy; 2) Failing to declare a mistrial during closing argument when counsel for the State made allegedly improper and prejudicial statements; and 3) Failing to dismiss the armed criminal action charge, as convictions for both kidnapping and armed criminal action multiply the punishment for one offense thereby subjecting defendant to double jeopardy.

Defendant first contends that the court erred in refusing to require the State to elect under which charge it would proceed, in that charging him with both felony murder and robbery in the first degree violated the federal constitutional prohibition against double jeopardy. Defendant further argues that while he was not convicted of felony murder, but of manslaughter, he had been prejudiced at trial by being compelled to defend himself against two charges of the "same" crime.[1] We reject this contention.

The constitutional guarantee against double jeopardy consists of three separate protections. It prohibits 1) a second prosecution for the same offense after acquittal, 2) a second prosecution for the same offense after conviction, and 3) multiple punishments for the same offense after conviction. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Defendant was charged with first degree (felony) murder and robbery in the first degree. The defendant requested instructions on lesser grade homicide offenses pursuant to the felony murder count and was subsequently convicted of manslaughter and robbery. Defendant correctly argues that he could not be convicted and punished for both felony murder and robbery. *State v. Morgan*, 612 S.W.2d 1 (Mo. banc 1981). However, in this case defendant was convicted of the lesser charge of manslaughter. As manslaughter and robbery are not the "same" offense for double jeopardy purposes, we find the constitutional protections of *Pearce, supra* and *Morgan, supra* against multiple convictions and multiple punishments inapplicable to this case. Furthermore, we find no inherent prejudice or error in the court's refusal to require the state to proceed under a single charge. As this court concluded in the recent case of *State v. O'Toole*, 619 S.W.2d 804 (Mo.App. 1981), submission to the jury of the charges of felony murder and robbery do not violate the constitutional protections guaranteed by the Fifth Amendment. *See, State v. Thompson*, 610 S.W.2d 629 (Mo.1981). Defendant's point is denied.[2]

---

1. First degree (felony) murder and the underlying felony of robbery are the "same" offense for purposes of the double jeopardy clause under the test in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Offenses are the "same" when each offense does not require proof of an additional different element when compared to the other offense. *State v. Morgan*, 592 S.W.2d 796 (Mo. banc 1980) vacated, *Morgan v. Missouri*, 449 U.S. 809, 101 S.Ct. 56, 66 L.Ed.2d 12 (1980) reaf-

firmed in *State v. Morgan*, 612 S.W.2d 1 (Mo. banc 1981); *State v. Olds*, 603 S.W.2d 501 (Mo. banc 1980).

2. As to the crimes of armed criminal action and robbery committed after January 1, 1979, see the recent case of *State ex rel. Westfall v. Ruddy*, 621 S.W.2d 42 (Mo.1981), where the court held that the prosecution may prosecute for both crimes of armed criminal action and

Defendant's second point of error on appeal is that the trial court should have declared a mistrial as requested, because of allegedly prejudicial statements made by the prosecuting attorney during closing argument. We disagree.

The remarks complained of arose as follows:

"MR. MOSS: ... Accident never enters into it because he intended to rob that man and kill him in the course of it. You notice that defense counsel spent a great deal of time talking about what I think or what I like or what I think or what it might be. How much time did she spend talking about what he had said, what he told you on the stand. What does she want you to believe? Zilch, nothing, you know why.

MRS. ADLER: I object, Your Honor. The state has the burden of proof and the defendant doesn't have to prove anything.

THE COURT: Again, this is argument of counsel.

MR. MOSS: You know why. She doesn't even swallow that story.

MRS. ADLER: I object to that. That's not true. It's not a story."

■ The trial court sustained the objection and advised the jury to disregard the prosecutor's statements. It is well established that a mistrial is a drastic remedy for trial error and should be exercised only in extraordinary situations where overtones of prejudice cannot be dissipated by any other means. *State v. Roberts*, 615 S.W.2d 496 (Mo.App.1981); *State v. Wells* (# 42733, Mo.App., E.D., August 4, 1981); *See State v. Johnson*, 539 S.W.2d 493 (Mo.1976). Because of the trial court's superior opportunity to assess the prejudicial effect of the matter complained of, and the possibility of its removal by action short of mistrial, the granting of a mistrial is a

robbery second degree, though the jury may only convict on one.

**3.** *Greer* was one of several cases based on the authority of *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980) ordered reexamined by the United States Supreme Court in light of *Alber-*

matter resting largely within the discretion of the trial court. This court's function is to determine from a review of the entire record whether, as a matter of law, the trial court abused its discretion in refusing to declare a mistrial. *State v. Wells, supra; State v. Rogers*, 585 S.W.2d 498, 502 (Mo. App.1979). While the prosecutor's comments may be deemed improper, every instance of improper argument does not call for the declaration of a mistrial. *State v. Lacy*, 548 S.W.2d 251, 252 (Mo.App.1977).

■ Relying on *State v. Pope*, 92 S.W.2d 904 (Mo.1936) defendant contends he was prejudiced by the impropriety of the prosecutor arguing his own beliefs. Defendant also argues that the prosecutor's comments were an appeal to convict the defendant on the basis of the prosecutor's beliefs rather than exclusively from the evidence presented. Here the trial court took corrective action which, in its opinion overcame the transgressions of counsel for the state. The court promptly sustained the objection and instructed the jury to disregard the comments. Considering all the facts and circumstances of this case, the trial court's ruling was proper and sufficient to offset any prejudice to the defendant. Furthermore, we find no abuse of the trial court's discretion. The point is ruled against the defendant.

Defendant raises the question of the validity of the armed criminal action conviction. Defendant contends a conviction for both armed criminal action and kidnapping violates the prohibition against double jeopardy by multiplying the punishment for one offense. In light of the recent decisions of *State v. Haggard*, 619 S.W.2d 44 (Mo. banc 1981); *State v. Harris*, 622 S.W.2d 330 (Mo. App.1981); *State v. Greer*, 609 S.W. 2d 423 (Mo.App.1980),[3] we are required to reverse the conviction for armed criminal action.

*naz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). The court in *Greer* concluded that the prohibition mandated in *Sours* applies to all underlying felonies and is not limited to the felony of first degree robbery. *Greer* was recently reexamined and affirmed by the Missouri Supreme Court.

The judgment of the trial court is reversed as to the conviction for armed criminal action. The convictions for manslaughter, robbery and kidnapping are affirmed.

STEPHAN, P. J., and STEWART, J., concur.