STATE of Missouri,
Plaintiff-Respondent,

v.

Padriac COOK, Defendant-Appellant.

No. 43449.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 18, 1982.

Motion for Rehearing and/or Transfer
Denied July 16, 1982.

Application to Transfer Denied
Sept. 13, 1982.

Ken Leeds, Clayton, for defendant-appellant.

John Ashcroff, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GUNN, Judge.

Defendant was convicted of two counts of first degree robbery and one count of assault first degree. His appeal raises the following alleged trial court errors: (1) refusal to allow his attorney to confer with him outside the jury's presence as to whether he should take the witness stand; (2) failing to declare a mistrial after the jury had an opportunity to see his mug shot laying in view on the counsel's table; (3) refusing to sever the assault and robbery

counts; (4) failing to find that the verdict was not supported by substantial evidence.

We affirm.

When viewed in a light most favorable to the verdict, the evidence discloses that as two women were preparing to enter their St. Louis church for evening services the defendant approached, pointed a gun at them and under threat of death ordered them to give him their money, which they did. As defendant sprinted away with his plunder, an off-duty police officer noticed the gun in his hand and ordered him to halt. Instead, after falling, defendant fired the gun at the police setting off an exchange of gunfire. When the defendant fell, he dropped the purse of one of the robbery victims and his cap also fell to the ground. The victims later identified these items.

The robbery victims made positive identification of the defendant as their assailant by police photograph, in a lineup and in court. There was ample basis for the in-court identifications, and the identification procedures were proper.

■ Under the facts of this case there was substantial competent evidence through identification to support the judgment of conviction on each of the charges. *State v. Sanders*, 628 S.W.2d 390 (Mo.App. 1982).

The defendant called five witnesses to testify in his case. After completion of the examination of the fifth witness, defendant's counsel requested a recess to discuss with her client whether he should take the stand to testify. The trial court noted that a recess had been declared only forty-five minutes previously and directed that counsel confer with defendant at the counsel table. Instead, defendant's counsel rested her case.

■ In denying the recess, the trial court was merely exercising its discretion, as declaration of recesses is part of the conduct of a trial and within the trial court's discretion. *State v. Stanley*, 494 S.W.2d 682, 684 (Mo.App.1973). There was no showing that defendant's counsel could not privately, properly and freely communicate with her client under the circumstances. She had ample opportunity at other times during the trial to discuss the case with the defendant, and we find no demonstration of prejudicial error or abuse of discretion in the trial court's action. *State v. Brown*, 502 S.W.2d 295, 303–04 (Mo.1973), cert. denied, 416 U.S. 973, 94 S.Ct. 1999, 40 L.Ed.2d 562 (1974); *State v. Hatfield*, 465 S.W.2d 468, 469 (Mo.1971); *State v. Stanley*, 494 S.W.2d at 684.

■ A "mug shot" of defendant was briefly revealed when the prosecutor's file, which contained defendant's 3″ × 3″ photograph, was left open momentarily at the counsel's table. Defendant urges that a mistrial should have been declared. But there is no indication in the record that any juror saw the 3″ × 3″ photograph while it lay in the file. Any suggestion that the photograph had any effect on any juror or was, in fact, even seen would require the most gross speculation and does not call for the drastic action of mistrial. Certainly, the trial court did not abuse its substantial discretion in failing to declare a mistrial. *State v. Helm*, 624 S.W.2d 513, 516 (Mo. App.1981); *State v. Garrett*, 622 S.W.2d 387, 390 (Mo.App.1981). Further, mug shots are not inherently objectionable, as they are neutral without indication of prior criminal activity. *State v. Walker*, 616 S.W.2d 89, 94 (Mo.App.1981).

■ Finally, there was no error in the trial court's refusal to sever the assault charge from the robbery charges. Defendant robbed two women. In fleeing with his malgained loot, he shot at a police officer. The robberies and assault were sufficiently intertwined and an integral part of the same episode so as to be properly joined. There was no abuse of the trial court's discretion in refusing the severance. *State v. Williams*, 603 S.W.2d 562, 566–68 (Mo. 1980); *State v. Shive*, 621 S.W.2d 715, 716–17 (Mo.App.1981).

Judgment affirmed.

DOWD, P. J., and CRANDALL, J., concur.