STATE of Missouri, Respondent,

v.

Jamie Lee CALMESE, Appellant.

No. 45317.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 19, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Denied
Sept. 15, 1983.

Application to Transfer Denied
Oct. 18, 1983.

Douglas L. Levine, Union, for appellant.

Kristie L. Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a jury conviction for first degree robbery in violation of § 569.020 RSMo.1978. Defendant was sentenced as a prior offender to twenty-five years imprisonment. We affirm.

Defendant asserts the evidence was insufficient to sustain the conviction. On appeal, we must accept as true all the evidence and all favorable inferences supportive of the verdict, and disregard those portions of the record contrary to the finding of guilt. *State v. Turner,* 623 S.W.2d 4, 6 (Mo. banc 1981), cert. denied 456 U.S. 931, 102 S.Ct. 1982, 72 L.Ed.2d 448 (1982). Viewing the evidence in the light most favorable to the state, the jury could reasonably find the following.

On March 27, 1981, Penny Canady was working as a cashier at a Mars self-service gas station in St. Louis, Missouri. At approximately 6 p.m., a black male, subse-

quently identified as defendant, approached the booth in which she was working. Defendant pointed a gun in her face and demanded the money from the cash drawer. Ms. Canady gave defendant $203. During the incident, Canady looked at defendant's face for three to five minutes.

Defendant then ordered Canady to "head toward the door." At this time, a customer approached the booth to pay for his gas. Defendant robbed the customer of his wallet and proceeded to walk away. After defendant left the station, Ms. Canady called the police.

At this point, a man driving past the Mars station noticed a black male who ran from the station, and entered a late model, green Buick double-parked down the street. The Buick sped off and the man followed it for nine or ten blocks. As he followed, the man wrote the Buick's license number on the palm of his hand. He viewed the license number for approximately three minutes. The man then went to the Mars station and reported the license number to the police. Two police officers testified that license number was Missouri EBS–437, which was issued to defendant's 1980 Buick.

At the Mars station, the victim gave the police officers a description of the robber and what happened. That same evening, Canady positively identified defendant from eight or nine police department photographs. A few days after the incident, Canady viewed a lineup and once again identified defendant. This evidence was sufficient for the jury to find defendant guilty of the crime charged.

■ Defendant asserts the trial court erred in admitting evidence of his robbing the customer immediately after robbing Canady. Evidence of other crimes is admissible to show a common scheme or plan embracing the commission of two or more crimes so related that proof of one tends to establish the other. *State v. Shaw,* 636 S.W.2d 667, 671–2 (Mo. banc 1982). Here, the robbery of the customer was substantially contemporaneous with the commission of the crime charged. Since the circumstances of the two robberies were so inextricably linked in time and manner as to constitute a continuous transaction, this evidence was admissible. *State v. Nylon,* 563 S.W.2d 540, 542–3 (Mo.App.1978).

■ Defendant also claims error in the trial court's denial of his motion for mistrial after the prosecutor inadvertently passed to the alternate juror a "closed card", containing defendant's prior convictions. The alternate juror read the card and passed it to juror 12, but the prosecutor immediately took it from her. Later that day, the alternate juror told the court juror 12 didn't have the "closed card" long enough to read it before the prosecutor retrieved it. The judge excused the alternate juror and instructed him not to discuss defendant's prior convictions with any other juror. Since the alternate juror did not participate in the deliberations, his reading of the "closed card" was not prejudicial to defendant. Further, there was no evidence any other member of the jury read the "closed card."

The trial judge is in the best position to determine whether defendant has been prejudiced. We cannot say trial court abused its discretion where effective corrective action was taken to offset any prejudice to defendant. *State v. Garrett,* 622 S.W.2d 387, 390 (Mo.App.1981).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.