**STATE of Missouri, Respondent,**

v.

**Lloyd HUBBARD, Appellant.**

**No. WD 33324.**

Missouri Court of Appeals,
Western District.

Sept. 20, 1983.

Larry O. Denny, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and PRITCHARD and LOWENSTEIN, JJ.

PRITCHARD, Judge.

By the verdict of a jury appellant was found guilty of robbery in the first degree and was subsequently sentenced to 15 years imprisonment in the Division of Corrections.

The submissibility of the state's case is not questioned. Suffice it to say that on August 8, 1980, appellant held up the Bernard Pharmacy in Independence, Missouri, and took from its owner, Sturges, about $300.00 cash and some drugs. Both Sturges and his employee, Susan Hodges, made positive identification of appellant at the trial as being the robber.

The sole point presented is that the trial court erred in overruling appellant's motion for mistrial when, during the closing argument, the state's attorney suggested to the jury that it should sentence him to a substantial sentence as a way to keep him from committing future crimes.

The argument complained of is this: "MR. BROWN: Ladies and gentlemen, Mr. Haggerty says that I, as representative of the State and the County, am going to get up and plead to you and talk about crimes in the street. I'm not going to get up and tell you if you sentence Mr. Hubbard to the penitentiary, you're going to stop all crime, all the robberies and burglaries in the community. But you do have the duty as citizens of this community to sit here and decide this case, and you have an opportunity to do something about this man about the actions he has committed, the robbery of August 8, 1980. You can solve that with him and put him in the penitentiary *where he will not commit that offense for a long time*." [Italics added.] Appellant's counsel then moved for a mistrial: "The Prosecutor has dictated to the jury a conviction of this man will keep him from committing future crimes. I believe that's error, and I move for mistrial. THE COURT: The motion for mistrial is overruled. I will instruct the jury to disregard the last statement." The jury was so instructed.

There are a number of cases which condemn arguments which suggest to the jury that long incarceration will prevent the defendant on trial from committing crimes in the future: *State v. Couch,* 523 S.W.2d 612, 615–16[7] (Mo.App.1975), where the objectionable arguments dealt with the likelihood of the defendant repeating his alleged crime (assault with intent to rape) upon other girls in the future, and the cases there cited, *State v. Tiedt,* 357 Mo. 115, 206 S.W.2d 524, 527–529[4] (Mo. banc 1947), where the assistant prosecutor over sustained objections, persisted in argument as *again* to see the community innocent citizens and innocent people struck down by a murderer, their blood spurting from their bodies into the gutter, the objection being overruled as to the latter argument, held to be reversible error; *State v. Nickens,* 403 S.W.2d 582, 585–589 (Mo. banc 1966), striking down arguments as to further antisocial acts by the defendant, held prejudicial to his defense of insanity; *State v. Raspberry,* 452 S.W.2d 169, 172–173 (Mo.1970), where objections to improper argument were sustained, the jury was instructed to disregard the argument, but a mistrial was denied which action was affirmed as being in the trial court's discretion. The court, however, noted, page 172[2–6], "It has likewise been held improper for the prosecutor to argue with respect to the defendant's character or criminal proclivities and the necessity of deterring him, not as an example to others, but to prevent the defendant on trial from committing further crimes. (Citing case.) In other words, a defendant is on trial for what he has or has not done and not for what he might do"; and *State v. Heinrich,*

492 S.W.2d 109, 115, et seq. (Mo.App.1973), where there was no objection to improper and inflammatory argument, and no interference by the trial court, held as a matter of plain error to be prejudicial justifying a new trial.

The foregoing cases should demonstrate to prosecutors the hazard of reversal in making improper argument as to a proclivity of a defendant to commit future crimes.

In this case, however, the trial court *promptly* sustained the objection to the argument, and just as promptly instructed the jury to disregard it. As in the *Raspberry* case, supra; in *State v. Williams,* 525 S.W.2d 395, 400 (Mo.App.1975); and *State v. Lacy,* 548 S.W.2d 251, 252 (Mo.App.1977), it is here within the discretion of the trial court whether to grant or deny a mistrial for improper argument, where the jury is instructed to disregard it as a matter of curative action, it being in a better position than this court to judge the prejudicial effect, if any, thereof.

The judgment is affirmed.

All concur.