**STATE of Missouri, Respondent,**

v.

**Bud A. GATES, Appellant.**

**No. WD 37556.**

Missouri Court of Appeals,
Western District.

Oct. 28, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 25, 1986.
Application to Transfer Denied
Jan. 13, 1987.

Sean O'Brien, Public Defender, Barbara Schenkenberg, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and PRITCHARD and DIXON, JJ.

PRITCHARD, Judge.

By the verdict of a jury appellant was found guilty of burglary in the second degree and upon a finding that he was a second offender, the court sentenced him to seven years of imprisonment in the Division of Corrections.

The sole question presented is whether the trial court erred in failing to grant a mistrial when the prosecutor asked appellant on cross-examination as to his being in jail since his bond was revoked.

On direct examination appellant was asked: "Q. Where do you live? A. Presently in the county jail." On cross-examination the prosecutor asked him: "Q. Okay. First off, I think you said that you currently live in the jail. Now, you've only been there a couple of months since your bond's been revoked, isn't that true?" Defense counsel promptly objected on the ground that the matter was wholly irrelevant, the objection being sustained. Counsel then requested a mistrial because talk of having his bond revoked creates an undeniable impression with the jury that appellant had done something wrong. The request for mistrial was denied. Counsel then requested the court to tell the jury to disregard the remark made by the prosecutor, and back in open court, the court told the jury: "The jury is instructed to disregard the last statement of counsel to the witness."

This question, although undoubtedly improper as suggesting misconduct, did not arise to be such a grievous incident which can not be removed in no other way than granting a mistrial, such as in *State v. Young*, 701 S.W.2d 429, 434 (Mo. banc 1985), where the prosecutor asked defendant on cross-examination the number of people he had shot. Rather, it falls within *State v. Hubbard*, 659 S.W.2d 549, 551 (Mo.App.1983), where the court said, "[I]t is here within the discretion of the trial court whether to grant or deny a mistrial for improper argument where the jury is instructed to disregard it as a matter of curative action, it being in a better position than this court to judge the prejudicial effect thereof, if any thereof." Closer in point is *State v. Alexander*, 706 S.W.2d 21, 23–24 (Mo. banc 1986) where the prosecutor improperly cross-examined appellant as to his previous experience with the juvenile

court in taking away his children, the objection being sustained, no answer was permitted, and the jury was admonished to disregard the question. Also, as here, the question lacked the detail to sustain the motion for mistrial. No abuse of discretion, on the facts, is present.

The judgment is affirmed.

All concur.