**STATE of Missouri, Respondent,**

**v.**

**Carl Benton DRAKE, Appellant.**

**No. 45435.**

Supreme Court of Missouri,

Division No. 1.

Feb. 11, 1957.

Cecil Block, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Donal D. Guffey, Asst. Atty. Gen., for respondent.

HYDE, Judge.

Defendant appealed from conviction of burglary in the second degree and sentence of two years in the penitentiary. (See Secs. 560.070 and 560.095, statutory references are to RSMo and V.A.M.S.) He was charged jointly with Thomas Jesse Brown but was granted a severance. Brown was tried first, convicted and sentenced to two years in the penitentiary and this judgment was affirmed on his appeal. State v. Brown, Mo.Sup., 291 S.W.2d 615.

 Defendant has filed no brief so we will consider all valid assignments of error made in his motion for new trial and all matters previously considered record proper set out in Rule 28.02, 42 V.A.M.S. State v. Pitts, Mo.Sup., 282 S.W.2d 561. The evidence was substantially the same as in State v. Brown, supra, as to the facts of someone breaking into the rear of the basement of the Boathouse building in Boschertown (where a store owned by Marguerite Dallmeyer was operated by her husband Helmuth) setting off the burglary alarm, notification of the owner and police by a nearby resident who heard the alarm, the arrest of defendant and Brown about 25 minutes later as they drove into St. Charles (driving with lights off until they reached the city limits) on the Highway from Boschertown, the finding of crowbars and screwdrivers on the floor of the truck in which they were arrested, and the investigation made by the officers by which they determined that some of these tools fitted into the marks on the window, window sash and door of the Boathouse building. Reference is made to that opinion, 291 S.W.2d loc. cit. 617, for details. It was also shown herein that the officers took defendant's shoes to the Boathouse and that they fitted tracks on the dirt floor of the basement. We, therefore, rule against defendant's assignments, that no submissible case was made and that he was entitled to a directed verdict, and hold there was substantial evidence to support the verdict. State v. Brown, supra. Likewise, on the same authority and for the reasons therein stated, we rule against defendant's assignments as to his motion to suppress evidence and as to admitting in evidence the tools, gloves and flashlight found in the truck in which he and Brown were arrested, and hold that there were reasonable grounds for making the arrest in this case so that the officers had the right to search the truck and seize these articles for use in evidence.

 Defendant also made assignments that the Court erred in permitting Deputy Sheriff Dapron to testify that one of the crowbars was used in forcing open the window, making a demonstration with the window sash before the jury and to testify that heel and shoe marks on the premises were made by defendant's shoes. The basis stated for these assignments is that this testimony was an opinion and that Dapron was not qualified as an expert to give an opinion about these matters. These assignments are without merit. This testimony was not a statement of opinions or conclusions but testimony as to facts personally observed by the witness. See State ex rel. Uregas Service Co. v. Adams, 364 Mo. 389, 262 S.W.2d 9, 12. He said one crowbar was bent down just a little on one end and that end fitted perfectly into the mark on the window frame. Both the crowbar and the window frame were before the jury and the witness demonstrated to the jury how he fitted the crowbar into the mark but these exhibits were not passed to the jury when defendant objected to doing so. Dapron also testified to finding a footprint that fit the size of defendant's shoe. Even if defendant's contentions were correct, in both instances, defendant failed to make any objection before the questions were answered; and as we said in State v. Peebles, 337 Mo. 973, 87 S.W.2d 167, 169: "It is a settled rule of law that if no objection is made to the introduction of evidence when its objectionable nature is apparent. a motion to strike out such evidence will be overruled. A litigant is not permitted to wait and see if

the evidence is harmful and then have it stricken from the record."

■ Defendant also claimed error in giving Instruction No. 2 which was as follows: "The Court instructs the jury that the guilt of Defendant cannot be presumed, but must be proven beyond a reasonable doubt either by direct or circumstantial evidence, and the Court instructs you that there is no direct evidence of the guilt of the defendant in this case. Before you can convict the defendant on circumstantial evidence alone, the facts and circumstances must all form a complete chain, and all point to his guilt, and must be irreconcilable with any reasonable theory of his innocence, and before the jury can convict the defendant on circumstantial evidence alone, the circumstances must not only be consistent with his guilt and point directly thereto, but must be absolutely inconsistent with any reasonable theory of his innocence." Defendant says the instruction was a comment on the evidence, misleading and practically directed the jury to find defendant guilty because it did not tell the jury "that the circumstances as well as the evidence, must not only be consistent with his guilt and inconsistent with his evidence." We do not find this instruction to be improper or misleading. It is in accord with the principles stated in State v. Conway, 348 Mo. 580, 154 S.W.2d 128; State v. Hubbard, 351 Mo. 143, 171 S.W.2d 701; State v. Brown, Mo.Sup., 291 S.W.2d 615. Certainly it is not a comment on the evidence since it refers to no fact or circumstance in evidence.

■ Defendant further claimed error in giving Instruction No. 3 which was as follows: "The Court instructs the jury that the Defendant is presumed innocent of the offense charged; that before the jury can convict him the State must overcome that presumption by proving him guilty beyond a reasonable doubt. If the jury have a reasonable doubt of the Defendant's guilt, they must acquit him, but a doubt, to authorize an acquittal, should be a substantial doubt arising from the evidence in the case, and not a mere possibility of his innocence.

"By the term 'reasonable doubt' is meant that state of the case which after the entire comparison and consideration of the evidence leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction to a moral certainty that the charge is true." Defendant says that this instruction placed an undue burden on defendant to establish his innocence to the jury's satisfaction. Defendant also says that the instruction is a comment on the evidence and that its definition of "reasonable doubt" is legally incorrect. This definition is in accord with the requirements of State v. Johnson, Mo. Sup., 234 S.W. 794; and State v. Connor, Mo.Sup., 274 S.W. 28. See also Raymond, Missouri Instructions, Sec. 136, and cases cited, and Sec. 3781 where this definition is shown as approved in State v. Howell, 117 Mo. 307, 23 S.W. 263. Other portions of this instruction have been approved in State v. Arnett, 338 Mo. 907, 92 S.W.2d 897; State v. Peters, Mo., 123 S.W.2d 34; State v. Hutsel, 357 Mo. 386, 208 S.W.2d 227; State v. Berry, 361 Mo. 904, 237 S.W.2d 91. Obviously it is not a comment on the evidence. We hold that defendant's claim concerning Instructions 2 and 3 are without merit.

■ Defendant further claimed error because the court did not give an instruction on credibility of witnesses. The record does not show that any such instruction was requested and it is not an instruction that the court is required by Sec. 546.070, to give as a part of the law of the case. State v. Shuls, 329 Mo. 245, 44 S.W.2d 94, 97; State v. McPherson, Mo.Sup., 92 S.W.2d 129, 131. This contention is without merit.

■ Defendant's further claim of error because the court did not give an instruction on malicious destruction of property, apparently meaning the offense set out in Sec. 560.395, is likewise without merit. This is not a lesser degree of the offense of burglary under Sec. 560.070 with

which defendant was charged so as to come within the provisions of Secs. 556.220 and 556.230 authorizing conviction of any degree of an offense inferior to that charged or of any offense which is necessarily included in that charged against him. See State v. Davidson, 73 Mo. 428; State v. Dargatz, 244 Mo. 218, 148 S.W. 889; State v. Willner, Mo.Sup., 199 S.W. 126; State v. Hancock, 320 Mo. 327, 7 S.W.2d 273; State v. Villinger, Mo.Sup., 237 S.W.2d 132; State v. Pullan, Mo.App., 293 S.W. 484.

We have examined the record and find no error respecting the sufficiency of the information, verdict, judgment and sentence. The record does not show allocution but this does not make the judgment and sentence invalid because defendant was heard on his motion for new trial. See Rules 27.09 and 27.10; State v. Keith, Mo.Sup., 241 S.W.2d 901; State v. Garrett, Mo.Sup., 282 S.W.2d 441; State v. Miller, 357 Mo. 353, 208 S.W.2d 194.

The judgment is affirmed.

All concur.