STATE of Missouri, Respondent,

v.

Ronald Lee SANDERS, Appellant.

No. 48920.

Supreme Court of Missouri.

Division No. 1.

June 11, 1962.

G. W. Marsalek, Burton H. Shostak, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., Frank P. Motherway, Special Asst. Atty. Gen., Jefferson City, for respondent.

WESTHUES, Judge.

Defendant Ronald Lee Sanders was, in the Circuit Court of the City of St. Louis, convicted by a jury verdict on a charge of an assault with intent to rob with malice aforethought. A previous conviction was alleged and proven. The trial court assessed Sanders' punishment at imprisonment in the State Penitentiary for a term of twenty years. An appeal was taken to this court. Sanders was represented by court-appointed counsel who filed a motion for new trial and also briefed and argued the case here on appeal.

Defendant did not offer any evidence. The State's evidence justifies the following statement: Gilbert Layton operated a tavern and confectionery at 1901 Benton, St. Louis, Missouri. On January 27, 1961, at about 10:30 p. m., five people were in the place of business, among whom were Rhonda Thompson, a small girl, and a man named James Simon. Layton was there conducting the business. About this time, the defendant and a man named Cook entered the tavern. After looking about, defendant Sanders purchased a bag of potato chips and Cook went to a telephone booth. When Cook left the telephone booth, he announced that this was a "stick up" or "hold up." Sanders made a similar statement and with a pistol in his left hand threatened to shoot the little girl Rhonda unless all present would go to a back room. No one present went to the back room and after some maneuvering, James Simon and Cook entered into an altercation,—whereupon Cook ran for the door and Simon followed him to the street. Sanders ordered Layton to lie down which Layton refused to do. Finally, Sanders moved toward the front door, still holding the pistol in his left hand. About that time, Layton threw a bottle at Sanders and Sanders shot at Layton. The bullet lodged in Layton's arm. He was taken to a hospital where the bullet was removed and turned over to the police department. While Layton was at the hospital (January 30, 1961), Sanders and Cook were arrested. Sanders was identified at the hospital by Layton as the man who had fired the shot. One Collins, arrested on some charge not here material, took a police officer to a place where a weapon was found. A ballistics expert testified that the bullet taken from Layton's arm had been fired from the pistol which was found by the police with the aid of Collins. At the trial, Layton, as well as others who were present at Layton's place on the night in question, identified Sanders as being the man who had a snub-nosed pistol and who threatened to shoot Rhonda Thompson if those present disobeyed his orders.

The points briefed by the defendant are, in substance, that the trial court erred in permitting two witnesses to testify whose names had not been previously endorsed on the information; further that the evidence of these two witnesses tended to prove the commission of a different and separate crime and therefore should not have been admitted; that the court erred in admitting into evidence a photograph of the defendant taken in a police "line up"; that this amounted to compelling the defendant to testify against himself; that the court erred in giving an instruction on reasonable doubt because the instruction lessened the State's burden of proof; that an instruction informing the jury that a severance had been granted was erroneous because it did not inform the jury how Cook, the co-de-

fendant, had pleaded to the charge; that the court erred in permitting the State's attorney, in his argument to the jury, to make statements that defendant may have used dye to color his hair.

■ We shall dispose of the points in the order stated. The matter of endorsing the names of two witnesses on the information came about in the following way: Sanders was charged in six separate cases. On March 9, 1961, Woodruff Marsalek was appointed as attorney for the defendant in all six cases. The present trial began on May 1, 1961. Marsalek was notified that the names of Vernon and Edna McDonald would be endorsed as witnesses. Through some mistake in the clerk's office, the number of the case stated in the notice was another of the six cases against Sanders but not the one involving the offense now before us. This mistake was discovered on the day before the evidence was introduced before the jury. The court, after a hearing, permitted the witnesses to testify and overruled defendant's objection. The court then commented that the error in numbering the case on the notice was an oversight and that defendant's counsel had notice that the two witnesses were to be used in a Sanders case. Further, the court noted that the Daily Record carried the item of the endorsement of the names on the information a number of days before the trial.

In view of the circumstances, the trial court's ruling was not an abuse of discretion. The record does not show any prejudice to the rights of the defendant. The prosecuting officials in good faith attempted to comply with S.Ct. Rule 24.17, V.A.M.R. State v. Thost, Mo., 328 S.W.2d 36, 1. c. 38 (4); State v. Churchill, Mo., 299 S.W.2d 475, 1. c. 478 (10, 11); State v. Lindsey, Mo., 80 S.W.2d 123, 1. c. 126(7-9).

In connection with the objection to the endorsement of the names of the McDonalds on the information, the defendant urges that the evidence of these two witnesses was superfluous to identify the defendant as the person committing the crime at Layton's tavern; further, that the evidence "was violently prejudicial to defendant's right to a fair and impartial trial." Suffice to say, as to the point that the evidence was not needed to identify the defendant, there was a dispute as to identity. Defendant's attorney cross-examined a number of State witnesses in an attempt to show that the identification was not positive. Note counsel's statement in the argument of the brief on another point where he said, "The error in permitting the argument was extremely prejudicial because the identity of defendant was disputed. The argument, casting the insinuation that defendant had changed the color of his hair, could only prejudice the jury against defendant."

■ The second point, that the evidence was prejudicial to the rights of the defendant because it tended to prove a separate crime, is without merit. Identity of the defendant was in dispute and, as indicated in the statement of facts, the bullet taken from Layton was shown to have been fired from a pistol not in the defendant's possession when he was arrested. Mr. McDonald's evidence was that he saw Sanders, the defendant, have the same pistol in his left hand on the night of January 28 which was the day after the attempted robbery. There was no evidence as to what Sanders was doing with the pistol. If, as defendant contends, such evidence tended to show that he was using the pistol for the purpose of committing a crime, the evidence was nevertheless admissible to show identity, even if such evidence tended to prove another and separate offense to have been committed. Such is the established rule of law. State v. Hawley, Mo., 51 S.W.2d 77, 1. c. 78(4, 5), and cases there cited. See also 22A C.J.S. Criminal Law § 684, pp. 756-760.

■ There was much made during the trial over the hairdo and color of defendant's hair. Witnesses described it as being long and light blond or dark or light orange or red in color on the night of January 27, while at the time of trial, defendant had a crew cut. A photograph of the defendant

taken on January 30, after his arrest, was introduced in evidence. This photograph showed Sanders' hair to be long. Witnesses testified that Sanders' hair, as shown by the photograph, appeared the same as on the night of January 27. Defendant claims that the trial court erred in admitting this photograph in evidence. It is claimed that by the use of the photograph the defendant was compelled to give evidence against himself. There is no merit in this contention. The use of photographs in such circumstances has been generally approved. State v. Childers, Mo., 313 S.W.2d 728, 1. c. 731 (5); State v. Armstrong, 61 N.M. 258, 298 P.2d 941, 1. c. 942(4, 5); State v. Carenza, 357 Mo. 1172, 212 S.W.2d 743, 1. c. 744(1).

■ Defendant assigned error to the giving of instruction No. 4. This instruction, among other matters, informed the jury that to convict the defendant, the State was required to prove his guilt beyond a reasonable doubt. The portion objected to by the defendant reads: "If, upon consideration of all the evidence, you have a reasonable doubt of the defendant's guilt, you should acquit, but a doubt to authorize an acquittal on that ground ought to be a substantial doubt touching the defendant's guilt and not a mere possibility of defendant's innocence." The particular objection made is that the clause "but a doubt to authorize an acquittal on that ground ought to be a substantial doubt." It is stated that this clause lessened the State's burden of proof. Defendant cited the case of City of St. Louis v. James Braudis Coal Co., Mo.App., 137 S.W.2d 668, as authority. That case is not in point. No such instruction was there considered. The instruction as given was approved by this court in the case of State v. Velanti, Mo., 331 S.W.2d 542, 1. c. 545(4), where the exact point now under consideration was discussed and decided against the defendant's contention.

■■ The defendant states that the trial court erred in the giving of an instruction which informed the jury that Sanders and one Gerald Henry Cook were charged with

the offense in question and that a severance had been granted and that Sanders alone was on trial; that "He pleads not guilty." Complaint is made that the instruction did not inform the jury how Sanders would have pleaded if he had been charged with a lesser offense, that is, an "intent to rob without malice." Defendant says that the trial court having instructed on the lesser crime raised in the jurors' minds an inference that defendant had not pleaded "not guilty" to the lesser charge. Further complaint is made that the instruction did not inform the jury how Cook pleaded. We are of the opinion that the instruction, as given, was not prejudicial to defendant's rights. The cases of State v. Castino, Mo., 264 S.W.2d 372, 373, and State v. Deppe, Mo., 286 S.W. 2d 776, are cited by the defendant. The instruction in the case before us is substantially the same as the one considered in the case of State v. Deppe, 286 S.W.2d 1. c. 780 (7). In that opinion, the Castino case, supra, was mentioned and it was held that in the Castino case the trial court improperly informed the jury how a co-defendant had pleaded to the charge. It was further held, in the Deppe opinion, that the instruction, as given in the Deppe case, was proper. We approve that ruling. There is no merit in the contention that the instruction as given in the case before us would tend to confuse a jury as to how a defendant might have pleaded to a lesser charge. Whether a trial court must instruct on a lesser offense is not generally determined until after the evidence has been introduced. There is no duty on the part of the court or on the State to grant to a defendant an opportunity to plead to a lesser offense. The State may elect to ask a jury for a conviction on the greater crime as charged in the information.

■ Finally, the defendant says that the argument of the prosecuting attorney to the jurors, telling them that the defendant might have dyed his hair, should not have been permitted. In view of the conflict in the evidence as to the length and color of the defendant's hair, it was legitimate for

the prosecutor to draw the inference that dye may have been used.

We have disposed of all the points briefed and have examined such matters as are required by S.Ct. Rule 28.02. We have found no prejudicial error therein. The information in this case was filed under Sec. 559.180, V.A.M.S. See State v. Washington, Mo., 357 S.W.2d 92, which held a similiar information sufficient.

The judgment is affirmed.

All concur.