**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Charles PRUITT, Defendant-Appellant.**

**No. 45489.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 18, 1983.

Joseph Downey, Public Defender, St. Louis, for defendant-appellant.

Gordon Ankney, Asst. Circuit Atty., St. Louis, John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., for plaintiff-respondent.

CRIST, Judge.

Appellant (defendant), charged with capital murder, was convicted by a jury of manslaughter, § 565.005, RSMo 1978, and sentenced to serve ten years with the Department of Corrections. His sole point on appeal is that the prosecutor during closing argument told the jury to disregard the fourth paragraph of the self-defense instruction (patterned on MAI–CR 2.41.1), and consequently so confused and misled the jury that the verdict was a miscarriage of justice. Defendant seeks a reversal under the "plain error" doctrine, Rule 29.12(b), as the point was not raised in his motion for new trial and therefore not preserved for appellate review. We affirm.

The prosecutor's reference to the self-defense instruction was this:

"There is the fourth point, and I want to argue, that that is not even applicable to this case."

Defense attorney objected, and the following occurred:

"MR. FREDMAN (Defendant's Attorney): Well, I will object to that, Your Honor. All of the instructions given by the Court are presumably applicable to

the case, and I think it's improper for Mr. Ankney to argue that an instruction that this Court has deemed fit to give to the jury is inapplicable to the case, that has nothing to do with it.

MR. ANKNEY (Prosecuting Attorney): Well, Judge, they decide what the facts are. If they decide the facts don't fit this paragraph, then they can say it's not applicable to the case, if it doesn't fit the facts.

THE COURT: Well, what I think he is getting ready to argue is his version of the facts, that the facts don't apply to the instruction, rather that the instruction doesn't apply to the case. I think that is what he is trying to do. It will be overruled for that reason."

■ Statements during closing argument by a prosecuting attorney may be reversible error if they are "plainly unwarranted and clearly injurious," *see, e.g., State v. Roberts,* 615 S.W.2d 496, 497 (Mo.App.1981). But that determination is justified only when "the transcript clearly indicates that the trial court abused its discretion in determining that the prosecutor's remarks were permissible." *State v. Hemphill,* 608 S.W.2d 482, 484 (Mo.App.1980).

The transcript here indicates the remark was ambiguous at worst—and certainly amenable to the trial court's interpretation of it set out earlier. As held in *State v. Lacy,* 548 S.W.2d 251, 253 (Mo.App.1977):

"As the prosecutor's remark was susceptible of more than one interpretation or meaning, the court will not second-guess the trial court and 'lightly' infer that the jury seized it out of context and gave it the onerous meaning attributed by defendant."

■ As the comment was proper argument, the ruling thereon was not error and *a fortiori* not "plain error." *State v. Moore,* 575 S.W.2d 253, 256 (Mo.App.1978).

Affirmed.

CRANDALL, P.J., and REINHARD, J., concur.