**STATE of Missouri, Respondent,**

v.

**Charles STEVENSON, Appellant.**

**No. 46087.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 13, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 26, 1983.

Application to Transfer Denied
Dec. 20, 1983.

Debra Buie Arnold, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

In May 1981, appellant Charles Stevenson, brandishing a sawed-off shotgun and accompanied by armed confederates, stole money from the patrons of a bar in the City of St. Louis. He appeals from a judgment entered on his subsequent jury convictions of three counts of first degree robbery, § 569.020, RSMo (1978), on which he was sentenced to serve consecutively three ten-year prison terms.

Appellant's sole point on appeal is that the State's verdict directors, which blended the pattern instructions MAI–CR 2.12 (1983 Revision) (on a defendant's responsibility for conduct of another person) and MAI–CR 23.02 (1979) (on first degree robbery), "[erroneously] incorporated the nebulous concept of 'acting together,' which deviated substantially from the standard of conduct expressly required [by the Missouri statutes imposing criminal responsibility for the conduct of another]." Appellant seeks a reversal under the "plain error" doctrine, Rule

30.20, as the point was not preserved for appellate review in appellant's motion for new trial.[1]

 As the State points out, however, the challenged instructions follow precisely the pattern instructions the Supreme Court has approved for use in cases like this one. We have held repeatedly that we are without power to declare approved pattern instructions erroneous. *See,* e.g., *State v. Frank,* 639 S.W.2d 209, 211 (Mo.App.1982). As use of the verdict directors was not error cognizable in this court, *a fortiori* their use was not plain error. *See State v. Pruitt,* 646 S.W.2d 134, 135 (Mo.App.1983).

Affirmed.

REINHARD and CRIST, JJ., concur.

---

1. Appellant's counsel on appeal did not rep-     resent him at trial.