STATE of Missouri, Respondent,

v.

Anthony BRUCE, Appellant.

No. 47735.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 9, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 19, 1984.

Application to Transfer Denied
July 17, 1984.

Debra B. Arnold, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Defendant appeals after his conviction by a jury of robbery in the second degree, acting with others, in violation of § 569.-030, RSMo. 1978. The court found defendant to be a prior offender and sentenced him to eight years' imprisonment. We affirm.

At approximately 11:00 p.m. on January 24, 1983, the victim, her two and one-half year old daughter and her boyfriend left Cardinal Glennon Hospital, where they had gone seeking treatment for the child. As they walked along, they noticed four young black men walking parallel to them on the opposite side of the street. The victim, child and boyfriend stopped briefly at a service station for change and proceeded to a nearby bus stop. As they waited, three of the men that they had seen earlier, including defendant, crossed the street and approached. Defendant ordered the victim to give him her purse and attempted to take it from her. After the victim refused, her boyfriend began to fight with defendant and another man. The victim then tried to run back to the service station, however, the third man grabbed her purse

and stated "Give me your purse bitch, or you're dead"; she relented.

The assailants then fled, with the boyfriend in pursuit. Police were summoned and apprehended defendant and another man a short distance from the crime scene. As the other suspect was apprehended, he threw a pocket calculator to the ground. The victim later identified it as coming from her purse. The defendant and the other man were identified by the victim and her boyfriend, both at the scene and in court.

Defendant's sole point on appeal is that the state's verdict director, which blended the pattern instructions MAI–CR2d 2.12 (on defendant's responsibility for conduct of another person) and MAI–CR2d 23.04 (on second degree robbery), was erroneous in that it "[incorporates] the nebulous concept of 'Acting together,' which deviated substantially from the expressed standard of conduct required under Missouri law ... in that it failed to advise the jury as to what specific acts on the part of defendant, if any, ... would constitute criminal conduct."

▮ Defendant seeks reversal under the plain error doctrine, Rule 30.20, since his contention was not raised in his motion for new trial. As the state points out, the challenged instruction follows precisely the pattern instructions the Supreme Court has approved for use in cases like this one. We have held repeatedly that when the proper MAI–CR instruction is given, we are without power to declare it erroneous. *See, e.g., State v. Stevenson,* 660 S.W.2d 236, 237 (Mo.App.1983); *State v. Frank,* 639 S.W.2d 209, 211 (Mo.App.1982). As use of the verdict director was not error cognizable in this court, *a fortiori* its use was not plain error. *See State v. Stevenson,* 660 S.W.2d at 237; *State v. Pruitt,* 646 S.W.2d 134, 135 (Mo.App.1983).

▮ Moreover, from the evidence, it is clear that the challenged instruction was properly given. There is overwhelming evidence that defendant acted with the purpose to promote the commission of the crime. He demanded the victim's purse, attempted to take it, and then fought with her boyfriend while others took it and made their escape.

Affirmed.

KAROHL, P.J., and CRANDALL, J., concur.