**STATE of Missouri,
Plaintiff-Respondent**

v.

**Stanley BARNES, Defendant-Appellant.**

**No. 48897.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 11, 1986.

Motion for Rehearing and/or Transfer
Denied April 8, 1986.

Application to Transfer Denied
May 13, 1986.

Debra Buie Arnold, St. Louis, for defendant-appellant.

William L. Webster, Leah A. Murray, Jefferson City, for plaintiff-respondent.

SATZ, Judge.

Defendant, Stanley Barnes, was convicted by a jury of second-degree murder and sentenced to twelve years imprisonment. Defendant appeals. We affirm.

On August 13, 1982, Todd Weems, the victim, celebrated his twenty-first birthday. During the course of this celebration, Weems met several of his friends at Forest Park to socialize and drink. Towards the end of the evening, Weems and a few of his friends left Forest Park, stopped at a liquor store to purchase more beer and then went to a friend's house to continue the celebration. While congregated in the alley behind the friend's house, Weems walked off from the group. Weems never returned.

After leaving the group behind the friend's house, Weems ran into Lindsey Washington. Washington, drunk and lost, asked Weems for directions to the Windsor Hotel. Weems and Washington started walking together towards the hotel when they encountered defendant. A fight ensued.

A group of defendant's friends were gathered nearby. When they heard someone shout "Help, help, they're trying to rob me," some of the members of the group

rushed to the scene. An eyewitness saw defendant hitting Washington with a piece of pipe. He then saw defendant's brother, Eric Clemmons, rush up, grab the pipe and begin hitting Washington.

In the meantime, Weems had fled. Defendant then told the crowd two men had tried to rob him. Defendant, Eric and two other members of the group chased after Weems. Defendant caught up with Weems and punched him to the ground. Then Eric beat Weems with the same pipe he had earlier used to beat Washington. Weems was found dead the next morning.

In defendant's sole point on appeal, he contends the trial court committed plain error in submitting Instruction No. 7, acting with others in committing second degree murder. The Instruction reads:

A person is responsible for his own conduct and he is also responsible for the conduct of other persons in committing an offense if he acts with them with the common purpose of committing that offense, or if, for the purpose of committing that offense, he aids or encourages the other persons in committing it.

As to Count I, if you do not find the defendant guilty of capital murder, then you must consider whether he is guilty of murder in the second degree.

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about August 14, 1982, in the City of St. Louis, State of Missouri, the defendant or other persons caused the death of [the victim] by striking him, and

Second, that the defendant or other persons intended to take the life of or cause serious bodily harm to [the victim], and

Third, that the defendant or other persons did not do so in fear suddenly provoked by the unexpected acts or conduct of [the victim],

then you are instructed that the offense of murder in the second degree has occurred, and if you further find and be-

lieve from the evidence beyond a reasonable doubt:

Fourth, that with the purpose of promoting or furthering the commission of murder in the second degree, the defendant acted together with or aided or encouraged other persons in committing that offense, and

Fifth, that the death of [the victim] was not a justifiable homicide as submitted in Instruction No. 11,

then you will find the defendant guilty under Count I of murder in the second degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the propositions submitted in this Instruction, you must find the defendant not guilty under Count I of that offense.

Defendant argues the use of the disjunctive—"defendant or other persons"—in the Instruction does not require the jury to find the occurrence of second-degree murder as a predicate to conviction, and, therefore, defendant reasons, his conviction cannot stand. We disagree.

■ At trial, defendant did not object to Instruction No. 7 being given, and, in his motion for a new trial, he did not raise the issue of the use of the disjunctive "or" in the Instruction. Defendant, thus, is confined to a complaint based on plain error. *E.g., State v. Moland,* 626 S.W.2d 368, 370 (Mo.1982).

Instruction No. 7 was in full compliance with MAI-CR2d 2.12. The Notes on Use clearly state: when the evidence shows defendant and another person jointly committed an offense, then, "each element from the verdict director for the offense should be ascribed (as supported by the evidence)

to ... the defendant *or* the other person or persons,...." MAI-CR2d 2.12 Notes on Use 6(b) (emphasis original). This use of the disjunctive has been authorized during most of the form instruction's existence since its inception in 1975. Since the submitted Instruction was authorized, we cannot declare that Instruction erroneous. *E.g., State v. Bruce,* 671 S.W.2d 821, 822 (Mo.App.1984). *A fortiori,* its use was not plain error. *E.g., State v. Stevenson,* 660 S.W.2d 236, 237 (Mo.App.1983).

We choose, however, to address more fully the merits of defendant's contention.

Defendant argues Instruction 7 has at least seven plausible interpretations, all requiring reversal. The first three, defendant contends, reflect acceptable statements of the law but are not supported by the evidence, and, the other four, defendant argues, improperly permit the jury to convict without first finding second degree murder had occurred. We disagree.

Under defendant's first three interpretations, defendant could be convicted solely on his own actions or could properly be held accountable for the behavior of others.[1] However, defendant argues, the evidence here shows the crime was committed entirely by someone else, namely defendant's brother, Eric. Defendant then concludes the use of the disjunctive in the Instruction was reversible error. *See State v. Scott,* 689 S.W.2d 758, 760 (Mo. App.1985). *See also* MAI CR2d 2.12 Notes on Use 6(a).[2]

■ The evidence did show Eric beat Weems with a pipe, but the evidence also revealed the injuries caused by the pipe were not lethal. Arguably, these injuries may have contributed to the cause of death. The pathologist testified, however,

---

1. Under defendant's three interpretations, the jury could find:

   1) *other persons* caused the death of the victim and intended to take his life without fear or provocation; 2) *only defendant* caused the victim's death and intended that result without provocation or fear; 3) *defendant and other persons* caused the death of the victim and that all of them intended to take his life without fear or provocation.

2. MAI–CR2d 2.12 Notes on Use 6(a) states:

   Where the evidence shows the conduct of the offense was committed entirely by someone other than the defendant and the sole basis for defendant's liability is his aiding the other person ... then all the elements of the offense should be ascribed to the other person ... and not to the defendant.

that injuries to the back of Weem's head also contributed to his death. These injuries were caused by a fist or board, not by a pipe. According to eyewitness testimony, no one other than defendant and his brother hit Weems, and it was defendant's punches that caused Weems to fall to the ground. Not only did defendant participate in the beating, he also chased after and caught up with Weems and put him in a position of danger by punching him to the ground. Thus, his affirmative actions advanced the criminal enterprise and rendered him just as guilty as if he alone delivered the death blow to Weems. *See, e.g., State v. Hills,* 645 S.W.2d 57, 59 (Mo. App.1982); Sec. 562.036, RSMo 1978.

Defendant also suggests four other possible interpretations of Instruction 7. These, he argues, do not require a finding of second degree murder by the jury before finding the defendant guilty. These interpretations are: the jury could have believed 1) defendant's brother, Eric, caused Weem's death and intended to do so but acted out of fear of provocation; 2) Eric, acting out of fear or provocation, caused Weem's death but did not intend to do so; 3) defendant caused Weem's death and intended to do so but acted out of sudden fear or provocation; and 4) defendant, acting out of fear, caused Weem's death but did not intend to do so. Defendant's argument is misdirected and, thus, misses the mark.

 Instruction 7 properly tracks MAI–CR2d 2.12. MAI 2.12 may not be a model of clarity, but it can be understood by a jury. It, like other instructions, is designed to keep a jury from jumping to conclusions. Its language directs the jury to proceed in a logical sequence. The jury must first determine if second degree murder occurred. If it finds second degree murder did not occur, it is precluded from moving on to the next step of the Instruction and, thus, is precluded from returning a verdict of guilty.

It is quite true the jury could have viewed the evidence as suggested by defendant's four interpretations, and, admittedly these four interpretations do not amount to second degree murder. This, however, does not mean the jury could wrongly convict defendant. The contrary would occur. If the jury did not find second degree murder, it could not convict defendant except by a free leap to a guilty verdict which MAI–CR2d 2.12, and, in turn Instruction 7, is specifically designed to prevent. We must and do presume the jury followed Instruction 7 in a step-by-step fashion. *See, e.g., State v. Hunter,* 586 S.W.2d 345, 348 (Mo. banc 1979). By finding the defendant guilty, the jury necessarily first found the facts to support a finding of second degree murder. Quite simply, defendant's conclusion does not follow from his premise. Thus, no prejudice or manifest injustice was worked.

Judgment affirmed.

SMITH, P.J., and SNYDER, J., concur.