**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Donnie PENDERGRASS,**
**Defendant-Appellant.**

No. 14662.

Missouri Court of Appeals,
Southern District,
Division Two.

March 10, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 31, 1987.

No appearance for plaintiff-respondent.

Susan L. Hogan, Columbia, for defendant-appellant.

PREWITT, Presiding Judge.

Following jury trial defendant was convicted of assault in the third degree and sentenced to eight months' confinement in the Newton County Jail. He appeals, presenting two points for our consideration.

Defendant contends in his first point that the trial court abused its discretion in allowing two of his witnesses to be shackled by leg chains and to wear prison clothing while testifying because this "impermissibly prejudiced the jury against the testimony of those witnesses by indicating to the jury that the witnesses were in custody during the trial and may have been dangerous individuals or escape risks requiring custody."

The conduct of the trial, the safety of all persons, and the prevention of escape are matters within the discretion of the trial judge whose ruling will not be overturned absent a showing of abuse of that discretion. *State v. Zeitvogel*, 655 S.W.2d 678, 688 (Mo.App.1983). The defendant bears the burden of showing how he was prejudiced by the court's actions in this regard. Id.

Some "good reason", based on misconduct or exceptional circumstances must exist and should be expressed by the trial court before a defendant's witnesses are required to appear before a jury in chains or shackles. *State v. Jones*, 556 S.W.2d 736, 737–738 (Mo.App.1977). The standards are the same when considering the propriety of an accused or his witnesses appearing in court restrained. Id.

The trial judge is vested with considerable, but not unlimited, discretion in determining the propriety of physical restraints. See also *State v. Borman*, 529 S.W.2d 192, 194 (Mo.App.1975). Relevant factors to consider in determining the propriety of such restraints include the presence or absence of disruptive conduct prior to or during the trial, the presence or absence of threats of such misconduct, the trial atmosphere, the likelihood of an attempt to escape, the age and physical attributes of the accused, the nature of the offense on trial, the size and mood of the audience and the adequacy of alternative remedies. Id. See also *State v. Methfessel*, 718 S.W.2d 534, 537 (Mo.App.1986).

Before the witnesses testified, defendant's counsel informed the court that defendant had two witnesses who were held in custody by the Department of Corrections. He said they were present outside the courtroom "restrained with leg irons and handcuffs." He asked that they be brought in without the restraints. A deputy sheriff stated to the court that the De-

partment of Corrections recommended that the handcuffs be removed but that "leg chains" be kept on them while they were in the courtroom. The trial court expressed concern about the possibility of an escape and stated that it would allow the handcuffs to be removed but would "leave the leg irons on."

Defendant's counsel also objected to the witnesses appearing in "prison garb" and asked "that they be provided with civilian clothes to wear." The trial court denied that request, stating it would probably "come out" where they were "presently staying" and "we don't have the facilities" to outfit them in civilian clothing.

■ Little of the relevant considerations is in the record. The witnesses were persons who had been with defendant when the assault allegedly occurred and apparently had been convicted for their participation in the incident. Although the ages of the witnesses are not in the record, in view of the evidence of the assault, they would appear to be reasonably young and physically healthy men. One had been convicted of "sales of imitation drug", assault and stealing a car. The other had been convicted of felony stealing and second-degree assault. One was defendant's cousin.

The makeup of the courtroom and how many persons would reasonably be needed to prevent an escape from its exits if the leg irons were not used is not in the record. Giving the trial judge his considerable discretion in such matters, we find no abuse of that discretion in keeping the leg chains on the witnesses. There is no showing that other clothing was readily available and we

do not think that making it available was the responsibility of the trial court. This point is denied.

Defendant's second point contends that the trial court erred in submitting to the jury an instruction following MAI–CR2d 2.20 "because that instruction violated appellant's rights to due process in that the instruction defines proof beyond a reasonable doubt as proof that leaves jurors 'firmly convinced,' thereby diminishing the meaning of proof beyond a reasonable doubt." That instruction is set out below.[1]

MAI–CR2d 2.20 was adopted following the enactment of § 546.070(4), RSMo Cum. Supp.1984, which required that "reasonable doubt" be defined for a jury in criminal trials.[2]

Although asking that this court reverse the conviction because of that instruction defendant acknowledges decisions indicating that the court of appeals may be "powerless" to declare an MAI instruction erroneous even if the court thought it was. See *State v. Hawkins*, 703 S.W.2d 67, 70–71 (Mo.App.1985); *State v. Toney*, 680 S.W.2d 268, 278 (Mo.App.1984); *State v. Davis*, 675 S.W.2d 652, 658 (Mo.App.1984); *State v. Bruce*, 671 S.W.2d 821, 822 (Mo.App.1984); *State v. Stevenson*, 660 S.W.2d 236, 237 (Mo.App.1983); *State v. Burton*, 721 S.W.2d 58, 63–64 (Mo.App.1986). But see *State v. Singer*, 719 S.W.2d 818, 823 (Mo.App.1986) (Dixon, J., dissenting).

There is an indication in MAI–CR2d that this court may review the propriety of MAI–CR2d instructions. The Supplemental Notes on Use to MAI–CR2d 17.00 p.

1.
INSTRUCTION NO. *4*
The charge of any offense is not evidence, and it creates no inference that any offense was committed or that the defendant is guilty of an offense.
The defendant is presumed to be innocent unless and until, during your deliberations upon your verdict, you find him guilty. This presumption of innocence places upon the state the burden of proving beyond a reasonable doubt that the defendant is guilty.
A reasonable doubt is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. The law does not require proof that overcomes every possible doubt. If, after your consideration of all the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you will find him guilty. If you are not so convinced, you must give him the benefit of the doubt and find him not guilty. MAI–CR *2.20*

2. The United States Supreme Court has noted that attempts to explain "reasonable doubt" do not usually result in making it any clearer to a jury. *Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954).

17–3 state that "These Notes on Use are applicable to all MAI–CR forms effective on or after January 1, 1979, and supplement the Notes on Use thereunder, unless some other usage is clearly required." At page 17–4 those notes state:

> "For the most part the Court has adopted the proposals of the Committee [on pattern criminal instructions] and Judge Houser for use by the bench and bar. This was done without judicially deciding or foreclosing any legal, constitutional, procedural, pleading, evidentiary, instructional or other issue which may arise in cases pleaded, tried or appealed under any laws covered by the MAI–CR and MACH–CR forms, even though the forms and Notes on Use approved by the Court are followed and used. This Note on Use also applies to all of the Supplemental Notes on Use either separately numbered or set out herein." [3]

However it is not necessary to decide whether the above or any constitutional provision, statute or rule gives this court the power to declare the instruction erroneous. The definition of reasonable doubt contained in the Report of the Federal Judicial Center Committee to Study Criminal Jury Instructions, Pattern Criminal Jury Instruction No. 21 (Federal Judicial Center 1982) defines proof beyond a reasonable doubt as "proof that leaves you firmly convinced of the defendant's guilt."

■ Although the practice of defining reasonable doubt has been "widely condemned", if the definition correctly conveys the concept of reasonable doubt, it will not be considered "prejudicial enough" to require reversal. *United States v. Moss*, 756 F.2d 329, 333 (4th Cir.1985).

The use of "firmly convinced" in defining reasonable doubt was held not prejudicial in *State v. Seneff*, 70 Ohio App.2d 171, 435 N.E.2d 680, 684–686 (1980). The court there determined that firmly convinced "is a concise and easily understood synonym of the concept 'proof beyond a reasonable

doubt'". See also *United States v. Hunt*, 794 F.2d 1095, 1100–1101 (5th Cir.1986); *United States v. Bustillo*, 789 F.2d 1364, 1367–1368 (9th Cir.1986); *State v. Clark*, 446 So.2d 293, 299–300 (La.1984).

Defendant relies in part upon the use of "utmost certainty" when the reasonable doubt standard was discussed in the opinion of *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). No attempt was made to formulate a definition of reasonable doubt there. Nor is there any language in *Winship* establishing that the use of "firmly convinced" suggests a standard which may be prejudicial to a defendant.

■ Examination of *Moss* and *Seneff* and the cases therein cited reveals that it is not possible to state a definition of "reasonable doubt" upon which all "reasonable minds" would agree. We hold that the definition used here, even if incorrect, was not so inaccurate that defendant would have been prejudiced.

The judgment is affirmed.

HOGAN and FLANIGAN, JJ., concur.

MAUS, J., concurs and files concurring opinion.

MAUS, Judge, concurring.

I concur. However, it is my opinion that the Supplemental Notes on Use referred to in the majority opinion establish the obligation of this court to review the propriety of the instruction in question. Rule 28 does require the use of applicable MAI–CR instructions in accordance with that rule and appropriate Notes on Use. However, nothing in that rule gives an instruction greater finality, or insulation against review by this court, than the order of the Supreme Court approving that instruction. That order by incorporation by reference provides the Supreme Court's adoption of the instruction was "without judicially deciding or foreclosing any ... instructional issue ... even though the forms and notes

---

**3.** Similar "reservations" were made in "How to Use this Book", MAI–CR3d pp. XXXVIII–XXXIX (1987).

on use approved by the court are followed and used." For that reason I think this court must determine the instructional issue raised by the defendant. See also dissenting opinion of Dixon, J., in *State v. Singer*, 719 S.W.2d 818 (Mo.App.1986).

The term "reasonable doubt" carries a basic inherent meaning. See *Smith v. Bordenkircher*, 718 F.2d 1273 (4th Cir.1983), cert. denied, 466 U.S. 976, 104 S.Ct. 2355, 80 L.Ed.2d 828 (1984). The sufficiency of this inherent meaning was recognized by MAI–CR 2.20 and MAI–CR 2d 2.20 (before October 1, 1984). The Notes on Use to each of those instructions provided, "No other instruction may be given elaborating further upon or attempting to define the presumption of innocence or reasonable doubt." The basic inherent meaning of the term must be considered in determining the jury's understanding of any further definition of the term.

The decisions and statutes contain a host of variations of further definitions of reasonable doubt. A widely used and early definition was substantially as follows. Reasonable doubt is not a mere possible doubt; because everything relating to human affairs, and depending on moral evidence is open to some possible or imaginary doubt. It is that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge. LaFave & Scott, Criminal Law, p. 52 (1972). Also see, *State v. Drake*, 298 S.W.2d 374 (Mo.1957); *State v. Marshall*, 354 Mo. 312, 189 S.W.2d 301 (1945).

A definition widely used in federal courts is as follows:

A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.

1 Devitt & Blackmar, Federal Jury Practice and Instructions, § 11.14 (3rd ed. 1977). From this definition it is argued the instruction in question is erroneous because reasonable doubt must be defined in terms of hesitation to act.

Whether or not an instruction defining reasonable doubt is erroneous is not to be decided by an exercise in semantics. Nor is such an instruction to be condemned because it is determined to be phrased in less than the best possible language. The important factor is the concept conveyed to the jury. "To this end, the reasonable doubt standard is indispensable, for it 'impresses on the trier of fact the necessity of reaching a subjective state of certitude on the facts in issue.'" *In Re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970).

The commonly used term "firm" bears the following definition.

1a: securely or solidly fixed in place b: not weak or uncertain: vigorous c: having a solid or compact structure that resists stress or pressure 2a(1): not subject to change or revision: set definite [they gave us a price] (2): not subject to price weakness: steady b: not easily moved or disturbed: steadfast c: well-founded 3: indicating firmness or resolution.

Webster's New Collegiate Dictionary (1977). The standard of *"firmly* convinced" demands no less proof than that of "an abiding conviction." A person who is *firmly* convinced of a fact does not hesitate to act upon that belief. The definition in the instruction in question is comparable to the definitions used in instructions and statutes in states such as Virginia, Model Jury Instructions in Virginia—Inst. # 2.100 (1985 repl. ed.) and California, Cal.Penal Code § 1096 (West). It is comparable to definitions that had been approved in this state. *State v. Drake*, supra. Also see *State v. Sanders*, 358 S.W.2d 45 (Mo.1962); *State v. Velanti*, 331 S.W.2d 542 (Mo.1960), and cases cited therein. The instruction in question must be considered as a whole. *State v. Brown*, 332 S.W.2d 904 (Mo.1960). The instruction tells the jury of the pre-

sumption of innocence. It emphasizes the burden of the state to prove beyond a reasonable doubt the guilt of the defendant. When the instruction is considered as a whole, I believe the instruction adequately requires a "subjective state of certitude" and is not erroneous.