STATE of Missouri,
Plaintiff–Respondent,

v.

Jerry FOWLER, Defendant–Appellant.

No. 55199.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Dec. 27, 1988.

Thomas B. Burkemper, Burkemper & Brighoff, Troy, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Judge.

Defendant, Jerry Fowler, appeals from his conviction of sodomy following a jury trial. He was sentenced to imprisonment for five years. We affirm.

In his sole point on appeal, defendant claims that pattern instruction MAI–CR3d 320.08.2 is lacking an essential element. Specifically, defendant contends that the instruction is defective because it does not require a finding that the act of deviate sexual intercourse, the essential element of sodomy, be performed with sexual intent.

Defendant's claim of error was not included in his motion for new trial and, therefore, is not preserved for appellate review. Rule 29.11(d). Accordingly, our examination is limited to plain error. Rule 30.20. *State v. Stevenson,* 660 S.W.2d 236, 237 (Mo.App.1983).

■ The standard for plain error review of instructions is that the trial court must have so misdirected or failed to instruct the jury on the law of the case as to cause manifest injustice. *State v. Preston,* 673 S.W.2d 1, 9 (Mo. banc 1984). Defendant does not argue that he innocently touched the victim. At trial, he denied any contact with the victim. He readily admits that he did not suffer any manifest injustice because of the alleged error. We find no manifest injustice resulting from failing to submit to the jury an element of the crime which was not specifically controverted. *State v. Walton,* 703 S.W.2d 540, 542 (Mo.App.1985).

■ Further, defendant concedes that the challenged instruction precisely follows the pattern instruction approved by the Missouri Supreme Court. We have repeatedly held that we are without power to declare approved pattern instructions erroneous. *State v. Snyder,* 748 S.W.2d 781, 785 (Mo.App.1988). We find no prejudicial error, plain or otherwise.

The judgment of the trial court is affirmed.

PUDLOWSKI, C.J., concurs.

GRIMM, J., concurs in separate opinion.

GRIMM, Judge, concurring.

I concur, except as to the statement of the majority "that we are without power to declare approved pattern instructions erroneous."

Although there are many cases supporting this "principle," it is currently being questioned. *State v. Gunter,* 715 S.W.2d 576, 579 (Mo.App.S.D.1986) (Crow, C.J., concurring); *State v. Singer,* 719 S.W.2d 818, 823 (Mo.App.W.D.1986) (Dixon, J., dissenting); *State v. Pendergrass,* 726 S.W.2d 831, 834 (Mo.App.S.D.1987) (Maus, J., concurring); and *State v. Franklin,* 752 S.W. 2d 937, 942 (Mo.App.E.D.1988) (Grimm, J., concurring). I continue to believe that this court has the authority to review claims of error in the pattern instructions for the reasons set forth in the cited cases.

Here, the pattern instruction is not erroneous, for it contains all of the essential elements. In paragraph First of MAI–CR 3d 320.08.2, the user is told to "Describe acts constituting deviate sexual intercourse." A way to follow that direction, as applicable to the facts here, would have the latter part of paragraph First read "the defendant committed a sexual act involving his hand and the genitals of [name of victim]." By so doing, the instruction would contain all of the elements and acts consti-

tuting deviate sexual intercourse, §§ 566.-010.1(2) and 566.060.3, RSMo 1986.