2005 OK 37

**In the Matter of the Application of the OKLAHOMA DEPARTMENT OF TRANSPORTATION for Approval of Not to Exceed $50 Million Oklahoma Department of Transportation Grant Anticipation Notes, Series 2005.**

**No. 101,984.**

Supreme Court of Oklahoma.

May 23, 2005.

**ORDER**

¶ 1 On consideration of the petitioner's, Oklahoma Department of Transportation's (ODOT), application for approval of Oklahoma Department of Transportation Grant Anticipation Notes, Series 5000, the respondent's, Jerry R. Fent (Fent), motion for oral argument, motion for dismissal and response in opposition to the petition along briefs and appendices filed by ODOT, Fent and respondent, Edwin Kessler (Kessler), THE COURT DETERMINES:

1) The issue of whether the bond application creates a prohibited debt in violation of the Okla. Const., art. 10, §§ 23, 24 and 25, is governed by our pronouncement in *Matter of Application of Oklahoma Dept. of Transportation,* 2003 OK 105, ¶ 0, 82 P.3d 1000. In the opinion, we determined that the proposed grant anticipation notes, when issued by the Oklahoma Department of Transportation, would constitute a valid obligation payable solely from future receipts of federal highway aid funds dedicated to the retirement of the notes and they would not constitute a debt of the state.

2) The motion to dismiss for failure of due process in the publication notice alleges only a clerical or typographical error which would not render the notice mis-

---

**16.** *Babcock v. Adkins,* 1984 OK 84, ¶ 13, 695 P.2d 1340.

**17.** Title 36 O.S. Supp.2004 § 3636, see note 2, supra.

leading *King v. Slepka,* 1944 OK 138, ¶ 15, 146 P.2d 1002; *Collingsworth v. Hutchison,* 1939 OK 17, ¶ 7, 90 P.2d 416. See also, *State v. Kenner,* 121 Idaho 594, 826 P.2d 1306, 1309 (1992); *Villas at Hidden Lakes Condominiums Ass'n v. Geupel Constr. Co.,* 174 Ariz. 72, 847 P.2d 117, 121 (1992), *review denied* (1993); *State v. Sanders,* 358 S.W.2d 45–46 (Mo.1962). Furthermore, the motion is unsupported by authority and need not be considered. *Hough v. Hough,* 2004 OK 45, ¶ 16, 92 P.3d 695; *Witt v. Westheimer,* 1938 OK 249, ¶ 0, 79 P.2d 250; *Mid–Continent Cas. Co. v. Jenkins,* 1967 OK 54, ¶ 14, 431 P.2d 349.

3) The issue of whether the purchase of insurance creates an unconstitutional debt obligation was considered in *Fent v. Oklahoma Capital Improvement Author.,* 1999 OK 64, ¶ 10, 984 P.2d 200, *rehearing denied,* 1999 OK 64, 984 P.2d 219, *cert. denied,* 528 U.S. 1021, 120 S.Ct. 531, 145 L.Ed.2d 411. Footnote 7 of *Fent* provided that bond insurance, if purchased, would not constitute a prohibited gift and that no balanced budget issue would be raised, so long as no term of the policy created a binding future obligation upon the State. In neither *Fent* nor here does the record contain any evidence that insurance has been purchased or that such a debt would be created.

4) The application should be approved.

5) The motions to dismiss and for oral argument should be denied.

¶ 2 IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the application of the Oklahoma Department of Transportation for Approval of not to exceed $50 million Oklahoma Grant Anticipation Notes, Series 2005, is approved. The motions to dismiss and for oral argument are denied.

¶ 3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 23rd DAY OF MAY, 2005.

ALL JUSTICES CONCUR.