Steven Bay SALKIL, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 38306.

Missouri Court of Appeals, Western District.

July 7, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 1, 1987.

Application to Transfer Denied Oct. 13, 1987.

William J. Stewart, Bolivar, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and GAITAN, JJ.

**PER CURIAM.**

Following a jury trial, Salkil was found guilty of felonious restraint and rape and he was sentenced to consecutive terms of two and five years imprisonment, respectively. After an unsuccessful direct appeal, *State v. Salkil,* 659 S.W.2d 330 (Mo. App.1983), Salkil filed a Rule 27.26 motion. His motion was overruled following an evidentiary hearing and he now appeals. For the reasons set forth below, the judgment is reversed and the case remanded for a new trial.

The facts of the underlying crime are set forth in our earlier opinion, *Salkil, supra* at 331–32, and they need not be recounted here. On this appeal, Salkil challenges the motion court's findings on three claims of ineffective assistance of counsel. Specifically, he reasserts that his case was prejudiced by counsel's failure to investigate and subpoena certain character witnesses, to request that the jury be polled after a question arose concerning the validity of the verdict, and to file a written motion to permit questions regarding the character of the complaining witness.

Because we find the issue raised by Salkil's second point to be dispositive of this appeal, we proceed to consideration of that matter. Salkil's claim is that his trial counsel was ineffective in failing to have the jury polled after a question arose concerning the validity of the verdict. The confusion over the verdict arose as a result of the verdict forms used in the case.

The verdict form dealing with the rape offense was as follows:

### VERDICT FORM

(a) Guilty and assessing punishment.

As to Count II, we, the jury, find the defendant Steven Ray Salkil guilty of rape by forcible compulsion as submitted in Instruction No. ____.

We assess and declare the punishment at _____.

(b) Not Guilty.

As to Count II, we, the jury find the defendant Steven Ray Salkil not guilty.

Foreman

The verdict form for felonious restraint was in the same format. When the verdict was returned, it was read by the clerk with the following results:

THE CLERK: "As to Count I, we, the jury, find the defendant, Steven Ray Salkil, guilty of felonious restraint as submitted in Instruction No. 5. We assess and declare the punishment at two years."

"As to Count I, we, the jury, find the defendant, Steven Ray Salkil, not guilty."

"As to Count II, we, the jury, find the defendant, Steven Ray Salkil, guilty of rape by forcible compulsion, as submitted in Instruction No. 7. We assess and declare the punishment at five years."

"As to Count II, we, the jury, find the defendant, Steven Ray Salkil, not guilty."

JUROR: We marked that wrong.

THE FOREMAN: We marked it wrong.

THE COURT: They didn't mark that part of it.

THE CLERK: Okay.

THE COURT: Check the other one. You read that same thing on the other one.

THE CLERK: Okay. Just the "A"?

THE COURT: Just the "A" is what they—

THE CLERK: Okay.

THE COURT: And that is signed by the foreman?

THE CLERK: "A" is signed by the jury foreman.

When the verdict forms were returned, entries had been made in the blanks provided for the instruction number and the assessment of punishment and they had been signed by the foreman. No portion of the form had been stricken.

As indicated by the clerk's reading of the verdict and the jurors' statements that it had been marked incorrectly, the verdict forms submitted in this case were inherently confusing. Their ambiguity arose from the fact that the provision for a finding of either guilt or innocence was made on the same sheet of paper and further complicated by inclusion of only one signature line for the foreman applicable to either finding.

As demonstrated by the record, Salkil's attorney stood silent in the face of such confusion. Salkil insists that his failure to have the jury polled constituted ineffective assistance. The motion court denied this claim, noting that there was no evidence that polling the jury would have made any difference and that the confusion in the form of the verdict did not prejudice movant since the jury's intent was apparent. The court concluded that the contention was, in any event, a matter for direct appeal.

■ In its final conclusion the motion court overlooks the nature of movant's claim. The allegation of ineffectiveness was properly raised in the motion for post-conviction relief. We tend to agree, however, that polling the jury as a means of clarifying the verdict would not have necessarily resolved the inconsistency. *See State v. Johnstun,* 674 S.W.2d 86, 92 (Mo. App.1984) (holding that where inconsistent verdicts have been returned the better course is to return the jury for further deliberations to correct the problem). *But see United States v. Howard,* 507 F.2d 559, 563 (8th Cir.1974) (holding that any ambiguity in the verdicts was cured by polling).

■ The purpose of polling the jury is to ascertain for a certainty in open court whether each juror in fact concurs in the verdict as returned or whether his apparent assent was the result of mistake or coercion. *Wharton's Criminal Procedure* t 586 (C. Torcia 12th ed. 1976); *American Bar Association Standards for Criminal Justice* 15-4.5 (2nd ed. 1986 Supp.); 23A C.J.S. *Criminal Law* § 1392 (1961). These sources uniformly agree that there is no generally prescribed mode of polling the jury although *Wharton's, supra* and C.J.S. note that the usual practice is to ask each juror simply, "Is this your verdict?" *Id.* The ABA Standards also leave the specific form of the question an open matter, stating that: "The precise procedures are within the discretion of the trial judge, and any procedure that makes clear each

juror's position is sufficient.... The poll should be conducted so as to obtain an unequivocal expression from each juror." *ABA Standards, supra.*

If a poll had been conducted in the case at bar immediately following the proceedings set forth above and by simply asking the question: "Is this your verdict?", the poll would have clarified nothing. If, on the other hand, the judge or the clerk had restated the verdict by excluding the (b) portion and then conducted the poll, affirmative responses from the jurors would have clarified their intent to find Salkil guilty. The determination of the beneficial effect of polling the jury under the circumstances presented here is thus speculative. Accordingly, the trial court cannot be faulted in its conclusion that Salkil failed to establish any prejudice caused by his attorney's failure to request that the jury be polled.

■ We do not, however, so readily dismiss the very real problem of the verdict inconsistencies. The trial court is obligated to see that verdicts are in proper form. *State v. Helm*, 624 S.W.2d 513, 519 (Mo. App.1981), and where conflicting verdicts are returned and not corrected through further deliberations or polling, the same has been held to be reversible error. *State v. Dorsey*, 706 S.W.2d 478, 481 (Mo.App. 1986). *Cf. State v. Poe*, 708 S.W.2d 723 (Mo.App.1986); *Johnstun, supra; State v. McMikle*, 673 S.W.2d 791 (Mo.App.1984).

■ The record is silent as to why counsel took no action concerning this matter. He testified at the evidentiary hearing that he thought the jury had been polled, however, the record contradicts his memory of the trial in this respect. There appears to have been a substantial degree of tension between Salkil and his trial counsel and after filing the motion for new trial, the attorney withdrew from the case. The verdict discrepancy was not raised in the motion for new trial nor, subsequently, on appeal.

Although, as noted above, Salkil has probably failed to identify the most appropriate way to remedy the verdict inconsistency, he has nevertheless cited a serious defect not heretofore raised on his behalf by counsel.

His pro se Rule 27.26 motion was never amended by his appointed counsel. Rule 27.26(h) and *Fields v. State*, 572 S.W.2d 477, provide that appointed counsel is obligated to ascertain from movant all grounds known as a basis for attacking the judgment and sentence and to amend the motion to include any omitted claims and, if necessary, to more fully and accurately allege the grounds stated in the pro se motion. As the Court noted in *Fields, supra* at 482 n. 3, it is the performance of counsel's designated duties that enables a strong measure of finality to be given to trial court rulings in Rule 27.26 cases.

We find the trial court's conclusion that the confusion in the form of the verdict was not prejudicial to Salkil to be clearly erroneous. As we noted in *Johnstun, supra* at 92, a similar case in which the jury returned both a guilty verdict assessing punishment and a verdict of not guilty on the same charge: "The two verdicts were absolutely inconsistent, and the court could not possibly have construed them to arrive at the intention of the [jury]." Therefore, the court overstepped its bounds in attempting to amend the verdict without further involvement by the jury.

■ In the absence of an amended Rule 27.26 motion filed by counsel, we have viewed Salkil's motion with a degree of latitude, construing it as a claim that trial counsel failed to take some action to remedy the situation and we find his contention to have merit. In order to establish ineffective assistance of counsel the movant must prove that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and that movant was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687–91, 104 S.Ct. 2052, 2064–67, 80 L.Ed.2d 674, 693–96 (1984); *Love v. State*, 670 S.W.2d 499, 501 (Mo. banc 1984). Here, counsel lodged no objection to the verdict forms at either the instruction conference or later at trial after the conflicting verdicts were read in open court and two members of the jury indicated that they had been marked in error. Therefore, even if counsel might be excused of failing to recognize the forms'

ambiguity prior to their submission, his attention was clearly directed to the matter when the verdict was announced yet he took no action to have the verdict corrected or clarified by the jury before it was dismissed. Furthermore, although still in the case at the time, counsel also neglected to raise the question of the verdict inconsistency in either the motion for new trial or at allocution. Under the circumstances, Salkil was indeed deprived of the effective assistance of counsel and the judgment must be reversed.

Salkil's other allegations of ineffective assistance need not be addressed here as we are confident that upon new trial Salkil's attorney will take such matters into consideration. We do note, however, that our determination on direct appeal that the trial court did not err in excluding certain evidence was ruled on the ground that counsel failed to offer such evidence first by written motion as required by § 491.-015.3, RSMo 1978. Our opinion did not address the question of the admissibility of the evidence in the event it had been properly offered.

The judgment is reversed, the conviction and sentence are vacated, and the case is remanded for new trial.