Andre GARRETT, Movant,

v.

STATE of Missouri, Respondent.

No. 55567.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 1, 1989.

Application to Transfer Denied
Nov. 14, 1989.

**390**

Janis C. Good, St. Louis, for movant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Movant, Andre Garrett, was convicted, after a jury trial, of manslaughter, robbery in the first degree, kidnapping, and armed criminal action. On appeal, the manslaughter, robbery, and kidnapping convictions were affirmed and the armed criminal action conviction was reversed. *State v. Garrett*, 622 S.W.2d 387 (Mo.App.1981). Subsequently, movant brought this Rule 27.26 motion (repealed January 1, 1988) which was denied after an evidentiary hearing. Movant appeals from the denial of that motion. We affirm.

Movant first asserts that his trial counsel was ineffective in failing to investigate, subpoena and call Roderic Moss as a witness at trial. He claims he told his trial attorney how to locate Moss. Movant contends Moss would have testified that movant was paid by his employer on the evening of the alleged offense thereby explaining the money found on his person.

Movant conceded during cross-examination that he did not give his attorney an address for Moss. Movant's trial attorney testified that she attempted to locate the witness but was unsuccessful. Moreover, she stated that movant told her that Moss would testify that movant acted in self-defense, which is different from movant's characterization of the testimony at the motion hearing. The motion court acted within its discretion in disbelieving movant. *See Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). It was free to reject movant's testimony even if no contrary evidence had been offered. *See White v. State*, 694 S.W.2d 825, 827 (Mo. App.1985). Additionally, movant did not show that he was prejudiced by Moss not testifying at trial. *See Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). Moss was not called as a witness at the evidentiary hearing. Movant did not demonstrate how the purported testimony of Moss would have produced a different trial result. Point one is denied.

Movant's second claim of error surrounds inconsistent verdicts. On Count I (murder) the jury was instructed on first degree (felony) murder and, at defendant's request, second degree murder, and manslaughter. The jury returned a verdict form of not guilty of Count I while also returning another verdict form finding movant guilty of manslaughter. The court noted that the jury signed an excess number of verdict forms which were seemingly inconsistent. The verdict forms for the other counts, which found defendant guilty of robbery, kidnapping, and armed criminal action, were returned properly. After discussing how to remedy the inconsistent verdict forms with the attorneys, the court resubmitted the instructions and verdict forms to the jury. The jury then properly returned the verdict forms finding movant guilty of manslaughter.

Movant alleges that his trial counsel was ineffective in failing to object to the resubmission of the case following the inconsistent verdict forms concerning the murder count. Movant additionally contends that his trial counsel should have polled the jury to ascertain the point of confusion.

Movant's contention has no merit because the record clearly documents trial counsel's vigorous objection at trial to the resubmission of the instructions to the jury as well as trial counsel's preservation of this issue in the motion for new trial. In addition, there was no error on the part of the trial court. The issue of whether or not there was an objection is therefore not material.

Furthermore, failure to have the jury polled was not raised at the trial level or even in the point relied on on appeal. The issue is only raised in the argument portion of the brief and, therefore, not properly before this court. *See Malady v. State,* 762 S.W.2d 442, 444 (Mo.App.1988). Also, polling a jury as a means of clarifying inconsistent verdicts will not necessarily resolve the inconsistency. *Salkil v. State,* 736 S.W.2d 428, 430 (Mo.App.1987).

The judgment is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.